599 F.2d 238
 Lorna WILLIAMS, Appellant,
v.
TOWN OF OKOBOJI, Ben D. Saunders, Town Clerk, zoning officer
for the Town of Okoboji, Iowa, individually and in his
official capacity, Leo Parks, Mayor of the Town of Okoboji,
Iowa, individually and in his official capacity, Appellees.
 No. 79-1011.
 United States Court of Appeals,
Eighth Circuit.
 May 11, 1979.
 
 Lorna L. Williams, Des Moines, Iowa, pro se.
 Irene A. Schrunk of Gleysteen, Harper, Eidsmore & Heidman, and Gerald M. Kraai of Shull, Marshall & Marks, Sioux City, Iowa, for appellees.
 Before GIBSON, Chief Judge, and BRIGHT and STEPHENSON, Circuit Judges.
 
 ORDER
 
 1
 In this civil rights action, appellee Town of Okoboji has moved to dismiss the appeal as premature. For the following reasons, we deny the motion.
 
 
 2
 On October 19, 1978, the district court entered judgment dismissing the complaint. On October 28, 1978, plaintiff Lorna Williams served the Town with a motion to set aside the judgment and a motion for leave to amend her complaint. While the motions were pending, on November 27, 1978, Williams filed a notice of appeal from the judgment. On December 6, 1978, the motions were denied. No new notice of appeal was filed thereafter.
 
 
 3
 Because the motion to set aside the judgment, which we deem a motion under Fed.R.Civ.P. 59(e) to alter or amend the judgment, was served within ten days of the entry of judgment, it tolled the running of the time for filing a notice of appeal. Fed.R.App.P. 4(a). When such a motion is denied, the appropriate course is to file a notice of appeal from the judgment within thirty days of the denial. In the present case Williams prematurely filed her notice of appeal from the judgment prior to the ruling on her Rule 59(e) motion. Although such premature appeals are subject to dismissal, United States v. Crescent Amusement Co., 323 U.S. 173, 177, 65 S.Ct. 254, 89 L.Ed. 160 (1944); Keith v. Newcourt, 530 F.2d 826 (8th Cir. 1976), generally the appellant may proceed unless the appellee can show prejudice resulting from the prematurity of the notice. Lemke v. United States, 346 U.S. 325, 326, 74 S.Ct. 1, 98 L.Ed. 3 (1953); Alexander v. Aero Lodge No. 735, 565 F.2d 1364, 1370-71 (6th Cir. 1977), Cert. denied, 436 U.S. 946, 98 S.Ct. 2849, 56 L.Ed.2d 787 (1978); Stokes v. Peyton's, Inc., 508 F.2d 1287, 1288 (5th Cir. 1975); Song Jook Suh v. Rosenberg, 437 F.2d 1098, 1100-01 (9th Cir. 1971); 9 Moore's Federal Practice P 204.14, at 982-83 (2d ed. 1975); 15 Wright, Miller & Cooper, Federal Practice and Procedure § 3915, at 599-600 (1976). Because the Town has shown no such prejudice, we accept the notice of appeal as timely filed.
 
 
 4
 The Town also contends that, because the notice of appeal mentions only the October 19, 1978 judgment and was filed prior to the December 6, 1978 order denying the motions to set aside the judgment and grant leave to amend the complaint, this court lacks jurisdiction to review the December 6 order. Although again the proper course would have been to file a notice of appeal from the judgment within thirty days after entry of the order of December 6, we agree with the Fifth Circuit's policy of "exercising all proper means to prevent the loss of valuable rights when the validity of an appeal is challenged not because something was done too late, but rather because it was done too soon." Markham v. Holt, 369 F.2d 940, 942 (5th Cir. 1966). Williams' brief on appeal clearly challenges the December 6 order, and the Town's response in its brief illustrates that it has suffered no prejudice from the premature notice of appeal. Therefore, the December 6 order may be reviewed on appeal from the judgment. Foman v. Davis, 371 U.S. 178, 181-82, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); Provancial v. United States, 463 F.2d 760, 762 (8th Cir. 1972).
 
 
 5
 Accordingly, we deny the motion to dismiss the appeal.