ACOSTA *v.* LOUISIANA DEPARTMENT OF HEALTH
AND HUMAN RESOURCES ET AL.

No. 85–1500.   Decided June 30, 1986

PER CURIAM.

In 1981, petitioner filed a civil rights action against respondents. Respondents moved to dismiss, and the District Court dismissed the action in its entirety. Petitioner filed, and then abandoned, an appeal. Respondents then moved in the District Court for an award of attorney's fees on the ground that petitioner had filed his action in bad faith. The court granted the motion and awarded respondents fees amounting to some $19,000. Petitioner filed a timely motion to alter or amend the judgment, as authorized by Federal Rule of Civil Procedure 59(e). The District Court held a hearing on the motion and denied it from the bench. Petitioner filed a notice of appeal that same afternoon. Not until two days later, however, was the order denying the motion to alter or amend the judgment entered on the docket. Petitioner did not file a new notice of appeal following the docket entry.

The United States Court of Appeals for the Fifth Circuit dismissed petitioner's appeal, ruling that the notice of appeal was prematurely filed. 776 F. 2d 1046 (1985). The Court of Appeals relied on Federal Rule of Appellate Procedure 4(a)(4), which, in pertinent part, provides:

> "If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by any party . . . under Rule 59 to alter or amend the judgment . . . the time for appeal for all parties shall run from the entry of the order . . . granting or denying any . . . such motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above."

The court concluded that because petitioner filed his notice of appeal before the order disposing of the Rule 59 motion, Rule

4(a)(4) required it to treat the notice as a "nullity" and thus deprived the court of jurisdiction over the appeal.

The Fifth Circuit's interpretation of Rule 4(a)(4) is directly contrary to that adopted by the Court of Appeals for the Ninth Circuit in *Calhoun* v. *United States,* 647 F. 2d 6 (1981). There, the court held that the Rule's command that "[a] notice of appeal filed before the disposition of [a Rule 59 motion] shall have no effect," did not render a notice of appeal filed after the announcement of the decision on the motion but before the entry of the order a nullity. Rather, the court concluded that the term "disposition" as used in the rule was synonymous with "announcement"; accordingly, a notice of appeal could be given effect as long as it was filed after the trial court's announcement of its ruling. The Ninth Circuit concluded that this interpretation of the Rule was justified by "the policy of 'exercising all proper means to prevent the loss of valuable rights when the validity of an appeal is challenged not because something was done too late, but rather because it was done too soon.'" *Id.,* at 10 (quoting *Williams* v. *Town of Okoboji,* 599 F. 2d 238, 239–240 (CA8 1979)). The court reasoned that if a notice filed before entry of the order were deemed defective, "valuable rights [might] be lost because an important, but ministerial, act was not performed when expected." 647 F. 2d, at 11.

Because such a direct conflict over the interpretation of the Rules of Appellate Procedure calls for resolution in this Court, we grant the petition for a writ of certiorari.* Finding that the issue is not one that requires plenary consideration, we now affirm the judgment of the Court of Appeals.

Unlike the decision of the Ninth Circuit in *Calhoun,* the decision below comports with the plain wording of the Rules. Rule 4(a)(4) specifically states that a notice of appeal, to be effective, must be "filed within the prescribed time measured from the entry of the order disposing of the motion as pro-

---

*Accordingly, respondents' motion for an award of damages on the ground that the petition is frivolous is denied.

vided above." Further, Rule 4(a)(2) provides that, *"[e]xcept as provided in (a)(4) of this Rule 4*, a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof" (emphasis added). The plain import of this language is that with respect to the particular motions to which it applies, Rule 4(a)(4) constitutes an exception to the general rule that a notice of appeal filed after announcement of an order but before its entry in the docket will be deemed timely filed. The Ninth Circuit's *Calhoun* rule essentially reads the first clause of subdivision (a)(2) out of Rule 4 by holding that Rule 4(a)(4) does *not* constitute such an exception. But if subdivision (a)(2) is taken seriously, it is untenable to read subdivision (a)(4) except as the Fifth Circuit has read it in this case: that is, as establishing the rule that a notice of appeal is ineffective unless filed after entry of judgment on a Rule 59 motion or any of the other motions to which the subdivision applies.

The judgment of the Court of Appeals is therefore

*Affirmed.*

JUSTICE BRENNAN would grant the petition for certiorari and set the case for oral argument.

JUSTICE MARSHALL dissents from this summary disposition, which has been ordered without affording the parties prior notice or an opportunity to file briefs on the merits. See, *e. g., Allen* v. *Hardy, post,* p. 255; *City of Los Angeles* v. *Heller,* 475 U. S. 796 (1986); *Maggio* v. *Fulford,* 462 U. S. 111, 120–121 (1983) (MARSHALL, J., dissenting).