838 F.2d 472
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Bob G. SIMPSON, Defendant-Appellant.
 No. 87-6012.
 United States Court of Appeals, Sixth Circuit.
 Feb. 5, 1988.
 
 Before LIVELY, Chief Judge, NATHANIEL R. JONES and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellee's motion to dismiss the appeal for lack of jurisdiction on the basis of a late filed notice of appeal. Appellant's response states that he timely filed his appeal from the August 6, 1987, mandate of this court in appeal number 87-5356.
 
 
 2
 A review of the district court's record and this court's files indicates that the district court's judgment was entered on February 26, 1987. A Fed.R.Civ.P. 59(e) motion to amend the judgment was served on March 4, 1987, and tolled the appeals period. Fed.R.App.P. 4(a)(4). Appellant filed a notice of appeal (appeal number 87-5356) on March 30, 1987, from the judgment. The time tolling motion was ruled upon by order filed and entered on April 1, 1987. This court entered an order on May 18, 1987, dismissing appeal number 87-5356 as premature. Reconsideration of this court's order was denied on July 28, 1987, and the mandate of this court was filed August 6, 1987. On September 8, 1987, appellant filed a second notice of appeal (appeal number 87-6012) from the February 26, 1987, judgment.
 
 
 3
 This court lacks jurisdiction in appeal number 87-6012. Fed.R.App.P. 4(a)(4) provides that the time for filing a new notice of appeal on the judgment ran from the entry of the order denying the time tolling motion. Acosta v. Louisiana Dep't of Health & Human Resources, --- U.S. ----, 106 S.Ct. 2876 (1986) (per curiam); Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam). The notice of appeal filed on September 8, 1987, was 100 days late.
 
 
 4
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. McMillan v. Barksdale, 823 F.2d 981 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 5
 It is ORDERED that the motion to dismiss be granted and the appeal be and hereby is dismissed. Rule 8, Rules of the Sixth Circuit.