848 F.2d 195
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Pearly L. WILSON, Plaintiff-Appellee,
v.
Richard P. SEITER; N.W. McMackin; Harry K. Russell, Supt.,
Defendants- Appellants.
 No. 88-3227.
 United States Court of Appeals, Sixth Circuit.
 May 17, 1988.
 
 Before ENGEL, Chief Judge, and KEITH and RYAN, Circuit Judges.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 A review of the record indicates that plaintiff initiated a 42 U.S.C. Sec. 1983 prisoner civil rights complaint. Defendants' motion for summary judgment was granted as to the due process claim and denied as to the equal protection claim on August 17, 1987. On August 21, 1987, plaintiff filed a motion to reconsider the partial decision and the district court referred the case to a magistrate pursuant to 28 U.S.C. Sec. 636(b) for the preparation of a report and recommendation. A motion for summary judgment was filed by the defendants on October 26, 1987, and a protective order pursuant to Fed.R.Civ.P. 26(c) was sought by the defendants seeking a stay of discovery pending ruling on the motion for summary judgment. The magistrate on February 22, 1988, denied the motion for a protective order and provided that reconsideration of the order could be sought within 10 days as provided by 28 U.S.C. Sec. 636(b)(1). Also on February 22, 1988, the district court judge granted plaintiff's motion to reconsider the August 17, 1987, order and denied the defendants' motion for summary judgment as to the due process claim. Defendants sought reconsideration of the February 22, 1988, order granting reconsideration and denying their qualified good faith immunity defense to the plaintiff's due process claim. The defendants filed a notice of appeal from the order entered February 22, 1988.
 
 
 3
 It is difficult to determine which February 22, 1988, interlocutory order the defendants seek to appeal. However, this court lacks jurisdiction to consider either order.
 
 
 4
 The magistrate's order denying a protective order is not appealable. A magistrate's order is not appealable unless the magistrate is given plenary jurisdiction by the district court and by consent of the parties pursuant to 28 U.S.C. Sec. 636(c)(1). Ambrose v. Welch, 729 F.2d 1084 (6th Cir.1984) (per curiam); Trufant v. Autocon, Inc., 729 F.2d 308 (5th Cir.1984). The instant matter was referred to the magistrate pursuant to 28 U.S.C. Sec. 636(b)(1) and he was not given plenary jurisdiction.
 
 
 5
 This court also lacks jurisdiction to consider the February 22, 1988, order granting reconsideration and denying summary judgment as to the due process claim. An order denying a motion to dismiss on the basis of qualified or absolute immunity is appealable. Mitchell v. Forsyth, 472 U.S. 511 (1985); Carlson v. Conklin, 813 F.2d 769 (6th Cir.1987). An appeal from such an order is subject to the same rules as other appeals. Kennedy v. City of Cleveland, 797 F.2d 297 (6th Cir.1986). Defendants served a motion for reconsideration of that order within the 10 day period prescribed by Fed.R.Civ.P. 59(e). Fed.R.App.P. 4(a)(4) provides that a notice of appeal filed before the disposition of a timely Rule 59(e) motion "shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion...." A timely notice of appeal is mandatory and jurisdictional. Acosta v. Louisiana Dep't of HHR, 478 U.S. 251 (1986); Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam).
 
 
 6
 It is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), rules of the Sixth Circuit.