852 F.2d 1288
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lonnie MILLER, Plaintiff-Appellant,
v.
Donal CAMPBELL; Danny Scott; Jane Weeks; Ron Bishop;
Linda Miller; Ed Hoover; Donna Blackburn;
Stephanie Chivers; Gretchen Faulstich,
Defendants- Appellees.
 No. 88-5587.
 United States Court of Appeals, Sixth Circuit.
 July 28, 1988.
 
 Before MERRITT, KRUPANSKY and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 This appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit.
 
 
 2
 A review of the record indicates that this civil rights action was dismissed as frivolous within the meaning of 28 U.S.C. Sec. 1915(d) by memorandum and order entered May 10, 1988. Appellant filed a notice of appeal and a Fed.R.Civ.P. 59(e) motion to vacate on May 20, 1988. The timely Rule 59(e) motion tolled the appeals period as prescribed by Fed.R.App.P. 4(a)(4). Marrical v. Detroit News, Inc., 805 F.2d 169, 171 (6th Cir.1986) (per curiam); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1003 (6th Cir.1985); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018-20 (6th Cir.1983). The May 20, 1988, notice of appeal filed prior to the disposition of the Rule 59(e) motion is premature. Fed.R.App.P. 4(a)(4) provides that a notice of appeal filed before the disposition of a timely Rule 59(e) motion "shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion...." A timely notice of appeal is mandatory and jurisdictional. Acosta v. Louisiana Dep't of HHR, 478 U.S. 251 (1986); Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam).
 
 
 3
 It is ORDERED that the appeal be and hereby is dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.