857 F.2d 273
 12 Fed.R.Serv.3d 426
 Edward G. JONES, Plaintiff-Appellant,
and
Liberty Mutual Insurance Company, Intervenor-Appellant,
v.
The CELOTEX CORPORATION, A Wholly Owned SUBSIDIARY OF the
JIM WALTER CORPORATION, and Aetna Casualty and
Surety Company, Defendants-Appellees.
 No. 87-3515.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 14, 1988.
 
 Ford T. Hardy, Jr., Richard M. Martin, Jr., New Orleans, La., for Edward G. Jones.
 Kathleen W. Will, Metairie, La., for Liberty Mut.
 Rene A. Pastorek, Gretna, La., for defendants-appellees.
 Appeals from the United States District Court for the Eastern District of Louisiana.
 Before CLARK, Chief Judge, GARZA and POLITZ, Circuit Judges.
 PER CURIAM:
 
 
 1
 Edward G. Jones attempts to appeal the judgment notwithstanding the verdict granted by the district court. Because no notice of appeal was filed after judgment was entered this court is without jurisdiction.
 
 I.
 
 2
 Appellee Celotex Corporation is the owner and operator of a manufacturing plant located in Louisiana. Appellant Jones was an employee of Salvage One Demolition Co. a/k/a Southern States Demolition Co. ("Salvage One"). Salvage One contracted with Celotex to demolish certain buildings at the plant. During the demolition of one of the buildings, Jones was injured when the part of the structure on which he was working collapsed. At trial, appellant attempted to show that Celotex controlled the method and means by which Salvage One performed its job. Celotex, on the other hand, produced evidence to prove that Salvage One carried out its function as an independent contractor and made all material decisions as to how the buildings would be demolished. The jury found Celotex to be negligent and awarded damages of $670,000 to Jones. The district court adopted the verdict of the jury and entered judgment on April 9, 1987.
 
 
 3
 Celotex moved for a judgment notwithstanding the verdict or in the alternative for a new trial. The district court held a hearing on the motion on July 8, 1987. At the hearing, the district court orally granted the motion for judgment notwithstanding the verdict and advised that he would provide his written opinion later. On that same date, the district court clerk made the following minute entry about the hearing: "Motion of Celotex Corporation and Aetna Casualty & Surety Co. for Judgment Notwithstanding the Verdict or in the Alternative for New Trial. Argued. Motion for Judgment Notwithstanding Verdict Granted." The clerk entered this minute entry on the docket on July 14, 1988 with the following notation: "Hrg on mtn by Celotex Corp. & Aetna for judg notwithstanding the verdict or in the alternative for new trial--mtn for judg notwithstanding verdict GRANTED." On July 16, 1987, Jones filed a notice of appeal "from the Amended Judgment entered in this action on the 14th day of July, 1987."
 
 
 4
 On October 30, 1987 the district court issued a written opinion granting the motion for judgment notwithstanding the verdict. 683 F.Supp. 555. On that same date, the clerk prepared and signed a separate document entitled "Judgment." This document was approved as to form by the district court, and entered on the docket on November 2, 1987. Jones did not file a new notice of appeal after judgment was entered.
 
 II.
 
 5
 We raise the question of our own jurisdiction sua sponte. Under 28 U.S.C. Sec. 1291, "[t]he courts of appeals ... have jurisdiction of appeals from all final decisions of the district courts of the United States." Federal Rule of Appellate Procedure 4(a)(4) prescribes the timing for an appeal from a judgment notwithstanding the verdict:
 
 
 6
 If a timely motion under the Federal Rules of Civil Procedure is filed in the district court by a party: (i) for judgment under Rule 50(b); ... the time for appeal for all parties shall run from the entry of the order denying a new trial or granting or denying any such other motion. A notice of appeal filed before the disposition of any of the above motions shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.
 
 
 7
 The time within which a notice of appeal must be filed begins to run on the date of entry of a judgment. A judgment is not entered within the meaning of Fed.R.App.P. 4(a)(4) unless it is entered in compliance with Federal Rules of Civil Procedure 58 and 79(a). Fed.R.App.P. 4(a)(6). Rule 58 requires that every judgment be set forth in a separate document,[1] and Rule 79(a) requires the district court clerk to enter the judgment in the docket.[2] In this case, no separate judgment was set forth as required by Fed.R.Civ.P. 58 until October 30, and no entry was made in accordance with Fed.R.Civ.P. 79(a) until November 2. A notice of appeal is ineffective unless filed after entry of judgment on a motion for judgment notwithstanding the verdict. Fed.R.App.P. 4(a)(4); Acosta v. Louisiana Dep't of Health and Human Resources, 478 U.S. 251, 106 S.Ct. 2876, 92 L.Ed.2d 192 (1986).
 
 
 8
 We have held that we may take jurisdiction of an appeal from a "final decision" under Sec. 1291, even though no separate judgment has been entered, when the parties fail to raise the issue. Hanson v. Town of Flower Mound, 679 F.2d 497 (5th Cir.1982). However, the parties cannot waive the separate document rule of Fed.R.Civ.P. 58 if there has been no "final decision." The minute entry of the clerk dated July 14, 1987, did not constitute a "final decision." This court succinctly stated the law in Pure Oil Co. v. Boyne, 370 F.2d 121 (5th Cir.1966):
 
 
 9
 The only act on the part of the court was oral, and the only written evidence of such action was the minute entry of the clerk. Even prior to the added requirement of Rule 58, this minute entry alone could not stand as a final judgment of the district court. "Courts render judgment; clerks only enter them on court records."
 
 
 10
 Id. at 123 (quoting Burke v. Comm'r of Internal Revenue, 301 F.2d 903 (1st Cir.1962)). See also Wood v. Coast Frame Supply, Inc., 779 F.2d 1441 (9th Cir.), amended 791 F.2d 802 (1986).
 
 III.
 
 11
 Final judgment was not entered in this case until November 2, 1987. Since no appeal was filed after that date, we lack jurisdiction. Accordingly, the appeal is
 
 
 12
 DISMISSED.
 
 
 
 [1]
 Federal Rules of Civil Procedure 58 provides in part:
 [U]pon a decision by the court that a party shall recover only a sum certain or costs or that all relief shall be denied, the clerk, unless the court otherwise orders, shall forthwith prepare, sign, and enter the judgment without awaiting any direction by the court.... Every judgment shall be set forth on a separate document. A judgment is effective only when so set forth and when entered as provided in Rule 79(a).
 
 
 [2]
 Federal Rules of Civil Procedure 79(a) provides in part:
 The clerk ... shall enter [in the civil docket] each civil action to which these rules are made applicable. Actions shall be assigned consecutive file numbers.... All papers filed with the clerk, ... all appearances, orders, verdicts, and judgments shall be entered chronologically in the civil docket on the folio assigned to the action and shall be marked with its file number. These entries shall be brief but shall show the nature of each paper filed or writ issued and the substance of each order or judgment of the court.... The entry of an order or judgment shall show the date the entry is made.