**James F.P. ROSS and Janet Yvonne Ross, Plaintiffs–Appellants,**

v.

**GLOBAL MARINE, INC. and Global Marine Drilling Company, Defendants–Appellees.**

No. 88–2562.

United States Court of Appeals, Fifth Circuit.

Oct. 24, 1988.

Bruce W. Bain, R. Gary Stephens, Houston, Tex., for plaintiffs-appellants.

Marion E. McDaniel, Jr., M. Susan Hardie, Houston, Tex., for defendants-appellees.

Before POLITZ, JOHNSON, and SMITH, Circuit Judges.

PER CURIAM:

The appellees have moved to dismiss the instant appeal for want of jurisdiction in this court. For reasons hereinafter set forth, we grant the motion.

## I.

The chronology in the district court is as follows:

1. On March 1, 1988, defendants-appellees Global Marine Inc. and Global Marine Drilling Company (collectively "Global") filed a motion to dismiss, to which plaintiffs-appellants James F.P. Ross and Janet Yvonne Ross filed no response.

2. On March 30, 1988, the district court signed an order dismissing, with prejudice, the case as barred by the applicable statute of limitations.

3. The order of dismissal was entered on March 31, 1988.

4. On April 11, 1988, the Rosses filed a motion for reconsideration of the order of dismissal, asking that the order be "set aside" and that the court consider the Rosses' response in opposition.

5. On May 13, 1988, the district court, by memorandum and order, granted the motion for reconsideration and reinstated the case on the docket for the purpose of reconsidering the motion to dismiss. In the same memorandum and order, the court then treated the motion to dismiss as a motion for summary judgment, granted that motion, and dismissed the case, again on the basis of prescription.

6. Also, on May 13, 1988, the district court signed a Final Judgment, on the basis of the order of dismissal, dismissing the case.

7. On May 18, 1988, the Rosses filed a notice of appeal. That notice states that the plaintiff "hereby appeal ... from the Order dismissing [Global] entered in this action on Mary 30, 1988" [sic].

8. On May 19, 1988, the memorandum and order signed on May 13 was entered on the docket by the clerk.

9. Also on May 19, 1988, the Final Judgment signed on May 13 was entered.

## II.

The Rosses assert that their notice of appeal was timely and confers appellate jurisdiction on this court. We disagree.

## A.

We hold that the notice of appeal was premature. In making that determination, we must first determine when the judgment, from which any appeal would lie, was effective. The Rosses claim that their notice of appeal was filed after final judgment. In fact, the notice of appeal was filed on May 18, five days after the judgment was signed but one day before it was "docketed," or entered on the docket, by the clerk.

Repeatedly, we have held that the time for appealing from a judgment is measured from the date of entry, or docketing, not the date of signing by the judge or the date of filing. *E.g., United States v. Doyle*, 854 F.2d 771 (5th Cir.1988). Rule 58, Fed.R. Civ.P., instructs that "[a] judgment is effective only when ... entered as provided in Rule 79(a)." *In Harcon Barge Co. v. D & G Boat Rentals, Inc. ("Harcon I")*, 746 F.2d 278 (5th Cir.1984), *vacated for rehearing en banc*, 760 F.2d 86 (5th Cir.1985), *approved on rehearing en banc*, 784 F.2d 665 (5th Cir.1986), *cert. denied*, 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986), we explained that in determining the date of "entry" for purposes of rule 79(a),

> if the judgment or order is entered at a later date than the date of filing, *then* such date of entry is added as a concluding note of the description of the judgment (which is in the right-hand column), by adding 'Dkt', DK't', or 'Dkt'd' (i.e., 'docketed'), followed by the date of such entry.

746 F.2d at 282 (emphasis in original, footnote omitted). Thus, the timeliness of any appeal, as to the Final Judgment, must be measured from May 19, the date of entry.

## B.

The Rosses' notice of appeal was filed on May 18, one day before the date of entry of

the judgment. Normally, this would not be fatal to the Rosses' appeal. Rule 4(a)(2), Fed.R.App.P., provides,

> Except as provided in (a)(4) of this Rule 4, a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof.

Thus, but for the provisions of rule 4(a)(4), the Rosses' premature notice of appeal would have been deemed filed on May 19. However, on April 11 the Rosses had filed a motion for reconsideration. Rule 4(a)(4) provides,

> If a timely motion ... is filed ... under Rule 59 to alter or amend the judgment ..., the time for appeal for all parties shall run from the entry of the order ... granting or denying ... such motion. A notice of appeal filed before the disposition of [such motion] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion....

Hence, if the April 11 motion was filed under rule 59, the notice of appeal, filed before entry of the order disposing of such rule 59 motion, is voided.[1]

### C.

The Rosses claim, however, that their motion—which does not state whether it is filed pursuant to rule 59 or rule 60—should be deemed filed under Fed.R.Civ.P. 60(b).[2] Rule 60(b) provides that "a motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." Moreover, rule 60 motions are not covered by rule 4(a)(4). Hence, if it was a rule 60 motion, rather than a rule 59 motion, that was pending when the Rosses filed their one-day-early notice of appeal, that notice would be treated under rule 4(a)(2) and would be deemed timely filed as of May 19.

In support of their argument that theirs was a rule 60 motion, the Rosses contend that the motion was served after the 10 days permitted by rule 59 and that in order for a motion to be considered a rule 59 motion, it must be served within 10 days of entry of the judgment from which relief is sought. As the Rosses correctly point out, "such motions which are untimely under Rule 59 must be treated as motions under Fed.R.Civ.P. 60(b) for purposes of Rule 4(a)(4)." *Brown v. United Ins. Co. of Am.,* 807 F.2d 1239, 1242 (5th Cir.1987) (citing *Huff v. International Longshoremen's Ass'n,* 799 F.2d 1087, 1090 (5th Cir.1986)); *Harcon Barge Co. v. D & G Boat Rentals, Inc.* ("*Harcon II*"), 784 F.2d 665, 667 (5th Cir.) (en banc), *cert. denied,* 479 U.S. 930, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).

The Rosses are not helped by this proposition, however, because their motion was, in fact, filed timely under rule 59. That rule requires that a motion filed thereunder "shall be served not later than 10 days after entry of the judgment." Here, the judgment in question was entered on March 31, 1988; the 10th day thereafter, excluding Saturdays and Sundays as called for by Fed.R.Civ.P. 6(a), was April 14. The Rosses acknowledge that they served their motion on April 12; hence, it was timely under rule 59.

Although the Rosses' motion is not deemed a rule 60 motion on the basis of lateness, we must examine it further to determine whether it is a rule 59 motion or a rule 60 motion. Fortunately, we have devised a bright-line test for making that determination:

> Motions under Rule 59(e) must be filed and served within ten days, but those listed in Rule 60(a) and (b) may be filed at a later date. When the timeliness not of the motion itself but of a notice of appeal from the judgment is involved, a court is not, however, free to choose

---

1. *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 103 S.Ct. 400, 74 L.Ed.2d 225 (1982). "In short, it is as if no notice of appeal were filed at all. And if no notice of appeal is filed at all, the Court of Appeals lacks jurisdiction to act." *Id.* at 61, 103 S.Ct. at 403.

2. Rule 60(b) encompasses correction for mistakes, inadvertence, excusable neglect, newly-discovered evidence, fraud, and the like.

under which rule it prefers to consider the motion made. If a motion falls within the scope of Rule 59(e), and it is timely served within ten days after entry of judgment as that rule requires, then the court must consider it as a Rule 59(e) motion for the purposes of Fed.R.App.P. 4(a)(4), regardless of how it is styled. The only qualification to this rule is that, even when made within the ten-day period, so important to Rule 59(e), a motion seeking to correct purely clerical errors and mistakes is a Rule 60(a) motion and therefore it does not void a previously filed notice of appeal under Fed.R.App.P. 4(a)(4).

*Harcon II,* 784 F.2d 668.

■ The Rosses' motion patently was not one seeking to correct purely *clerical* errors. Instead, the motion and accompanying memorandum argue the merits of the issues and assert that the district court, in its order of dismissal, reached an "untenable result." Thus, under the rule adopted en banc in *Harcon II,* the Rosses' motion must be treated as a rule 59 motion for purposes of rule 4(a)(4).[3]

### D.

We should note that even if, *arguendo,* the Rosses' motion were treated as a rule 60(b) motion, their notice of appeal was untimely. Rule 60(b) explicitly provides that "[a] motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation." The 30th day from March 31 was April 30. Since that day was a Saturday, the Rosses had until Monday, May 2, to file notice of appeal from any March 31 final judgment. Hence, a notice of appeal filed on May 18 was

untimely under the rule 60(b) theory as well.

### E.

In a final and somewhat desperate attempt to establish our jurisdiction over their attempted appeal, the Rosses call our attention to the fact that their notice of appeal, filed May 18, states that they appeal from the order entered "on Mary 30, 1988" [sic]. They assert that "Mary 30" was intended to refer to "May 13" (the date on which the order granting reconsideration was signed) rather than to "March 30" (the date on which the final judgment was signed).

■ Correctly, the Rosses note that in this circuit, an appeal is not lost if a mistake is made in designating the judgment appealed from. *See Kicklighter v. Nails by Jannee, Inc.,* 616 F.2d 734, 738–39 & n. 1 (5th Cir.1980). But that maxim is to no avail to the Rosses here. It is evident that "Mary 30" referred to "March 30," not "May 13." They intended to, and did, file an attempted notice of appeal from the order dated March 30. Their problem is not that they designated inaccurately the matter appealed from (except for a minor typographical error, which pursuant to *Kicklighter* we overlook) but that they filed it prematurely.

But even if, *arguendo,* we were to construe the notice of appeal as appealing from the judgment dated May 13, the result would be the same. Even if, as of May 18, the Rosses had notice that the district judge had signed the final judgment on May 13,[4] it is nevertheless indis-

---

3. *Accord, Harrel v. Dixon Bay Transp. Co.,* 718 F.2d 123, 125 (5th Cir.1983) (motion for reconsideration, seeking withdrawal of judgment, is a motion to alter or amend judgment under rule 59(e); *Archer v. Lynaugh,* 821 F.2d 1094, 1097 (5th Cir.1987) (undenominated motion requesting reconsideration of adoption of magistrate's report is a rule 59(e) motion to alter or amend judgment); *Harcon II,* 784 F.2d at 669 (" '[a]ny motion that draws into question the correctness of a judgment is functionally a motion under Civil Rule 59(e), whatever its label.' " (quoting 9 J. Moore, B. Ward & J. Luces, *Moore's Federal Practice* ¶ 204.12[1] at 4–67 (2d ed. 1980)).

4. There is no particular evidence that the parties had notice of the May 13 action until sometime after it was entered on the docket on May 19. The docket sheet entry for May 13 indicates "Parties ntfd" (notified) and further indicates "dkt'd [docketed] 5–19–88." In its opposition to the motion to dismiss, the Rosses blankly assert that the district court "notified all parties of its entry by mailing a copy of the judgment on May 13, 1988, as reflected in the docket entry. Ross' [sic] knew that the District Court had dismissed their complaint and promptly filed a notice of appeal." Global, however asserts that "[n]otice of the May judgment was not sent ... until after

putable that the notice was filed while a rule 59 motion was pending, i.e., before the order disposing of that pending motion had been *entered*.[5] As we have heretofore explained, under rule 4(a)(4) the notice of appeal thus "shall have no effect." So any notice of appeal, whether from the March order or May judgment, was voided if filed during the pendency of the rule 59 motion.

Any doubt regarding this proposition was resolved recently by the Supreme Court. In *Acosta v. Louisiana Dep't of Health & Human Resources*, 478 U.S. 251, 106 S.Ct. 2876, 92 L.Ed.2d 192 (1986) (per curiam), the Court was called upon to resolve a conflict between this court and the Ninth Circuit regarding whether rule 4(a)(4)'s command that "[a] notice of appeal filed before the disposition of [a rule 59 motion] shall have no effect" renders void a notice of appeal filed after announcement of the decision on the motion but before entry of a formal order.

The Court disagreed with the Ninth Circuit's view that "disposition" in the rule is synonymous with "announcement" and that hence a notice of appeal could be given effect if filed anytime after the district court's announcement of its decision on the rule 59 motion.[6] Instead, the Court affirmed our dismissal of the appeal.[7] It reasoned that rule 4(a)(4) constitutes an exception to the general directive in rule 4(a)(2) that a notice of appeal is effective if filed in the interim between "announcement" and "entry."

The Ninth Circuit's *Calhoun* rule essentially reads the first clause of subdivision (a)(2) out of Rule 4 by holding that Rule 4(a)(4) does *not* constitute such an exception. But if subdivision (a)(2) is taken seriously, it is untenable to read subdivision (a)(4) except as the Fifth Circuit has read it in this case: that is, as establishing the rule that a notice of appeal is ineffective unless filed after entry of judgment on a Rule 59 motion or any of the other motions to which the subdivision applies.

478 U.S. at 254, 106 S.Ct. at 2878.

The efficacy of this result is amply demonstrated by the circumstances of the instant case. By definition, a rule 59 motion is filed for the purpose of convincing the district court to change its mind. A notice of appeal filed while the rule 59 motion is pending initiates an appeal from an order (or judgment) that may indeed be changed.

That is precisely what occurred here. Technically, the district court granted the rule 59 motion and reinstated the case on the docket for the purpose of reconsidering Global's motion to dismiss. Upon reconsideration, the court determined that the motion to dismiss on the pleadings should be treated instead as a motion for summary judgment, which the court simultaneously granted. If we were to recognize now an appeal from the March order, we would be considering an appeal from a judgment on the pleadings, even though that judgment was reconsidered in favor of a summary judgment. It makes eminently good sense, then, that the rules require a party to await any substantial alteration of a judgment before filing its notice of appeal. And of course, it is always possible that the rule 59 motion will be granted in its entirety, in which event no notice of appeal whatsoever

its entry on May 19—as is the custom of the district court clerk's office. Moreover, counsel for Global received a copy of the May 19 judgment on May 21—presumably the same date on which Plaintiffs' counsel received his copy."

**5.** The Rosses note that their notice of appeal, although filed on May 18, was not docketed until June 16. They suggest that if the date of entry is controlling, as it is for judgments, *see United States v. Doyle*, then their notice of appeal is valid in that it was entered after, but not more than 30 days after, the entry of judgment. However, rule 4(a)(1) requires that the notice of appeal be *filed*, not *entered*, within 30 days. We

have held that it is the date of the clerk's *receipt* of the notice that constitutes the date of filing, not the date on which the clerk may have marked the document as "filed." *Ward v. Atlantic Coast Line R.R.*, 265 F.2d 75, 81 (5th Cir. 1959), *rev'd on other grounds*, 362 U.S. 396, 80 S.Ct. 789, 4 L.Ed.2d 820 (1960).

**6.** *Calhoun v. United States*, 647 F.2d 6, 10–11 (9th Cir.1981).

**7.** *Acosta v. Louisiana Dep't of Health & Human Resources*, 776 F.2d 1046 (5th Cir.1985), *aff'd*, 478 U.S. 251, 106 S.Ct. 2876, 92 L.Ed.2d 192 (1986).

will be required by the party that had filed the rule 59 motion.

### III.

In summary, the motion to dismiss the appeal must be granted because the Rosses' only notice of appeal was rendered ineffective in that it was filed before a post-judgment motion listed in rule 4(a)(4) was disposed of. The Rosses could have, but did not, file a notice of appeal after the date of entry of the order disposing of that motion, and entry of the consequent judgment, on May 19. "A notice of appeal is ineffective unless filed after entry of judgment on [a motion listed in rule 4(a)(4)]." *Jones v. Celotex Corp.*, 857 F.2d 273, 275, (5th Cir. 1988) (citing *Acosta*).[8] *Accord, In re Air Crash at Dallas/Fort Worth Airport on Aug. 2, 1985*, 852 F.2d 842, 844 (5th Cir.1988).

We are without jurisdiction. *Griggs*, 459 U.S. at 61, 103 S.Ct. at 403. Accordingly, the motion to dismiss the appeal is GRANTED.[9]

---

8. *Jones v. Celotex Corp.* involved a motion for judgment notwithstanding the verdict under Fed.R.Civ.P. 50(b), but, as *Acosta* makes clear, the result is the same: Both are motions of the types listed in rule 4(a)(4). *See* 478 U.S. at 254, 106 S.Ct. at 2878.

9. Contemporaneously with its motion to dismiss the appeal, Global filed a motion for extension of time in which to file its appellees' brief. We DENY that motion as moot.