863 F.2d 47
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Douglas E. CURTIS, Plaintiff-Appellant,
v.
UNITED STATES of America; Department of Defense; Veteran's
Administration; Raymond Vogel, Chief, Benefits
Dir., Defendants-Appellees.
 No. 88-3735.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1988.
 
 Before LIVELY and DAVID A. NELSON, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 This matter is before the court upon consideration of the appellant's motion to remand to allow the district court to rule on his motion for relief from judgment. By order dated August 23, 1988, the district court indicated that it was disposed to grant the motion for relief from the judgment.
 
 
 2
 A review of the record indicates that this appeal is premature and this court lacks jurisdiction. The judgment of the district court was entered July 12, 1988. A motion for relief from judgment and reconsideration was served on July 18, 1988, and filed on July 19, 1988. A motion seeking reconsideration of a judgment which is served within ten days of entry of a judgment as computed by Fed.R.Civ.P. 6(a) is properly construed as a time-tolling Fed.R.Civ.P. 59(e) motion. Harcon Barge Co. v. D & G Boat Rentals, Inc., 784 F.2d 665, 669 (5th Cir.) (en banc), cert. denied, 479 U.S. 930 (1986); Cosgrove v. Smith, 697 F.2d 1125, 1127-28 (D.C.Cir.1983); Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 40-41 (2d Cir.1982); Huff v. Metropolitan Life Ins. Co., 675 F.2d 119, 122 (6th Cir.1982); Miller v. Leavenworth-Jefferson Elec. Co-op., 653 F.2d 1378, 1380 (10th Cir.1981); Smith v. Hudson, 600 F.2d 60, 62 (6th Cir.), cert. dismissed, 444 U.S. 986 (1979). The timely Fed.R.Civ.P. 59(e) motion tolled the appeals period as provided by Fed.R.App.P. 4(a)(4). The August 9, 1988, notice of appeal filed prior to the disposition of the Rule 59(e) motion is premature. Fed.R.App.P. 4(a)(4) provides that a notice of appeal filed before the disposition of a timely Rule 59(e) motion "shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion...." A timely notice of appeal is mandatory and jurisdictional. Acosta V. Louisiana Dep't of HHR, 478 U.S. 251 (1986) (per curiam); Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam).
 
 
 3
 It is ORDERED that the motion to remand is denied and the appeal be dismissed for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit. The district court has jurisdiction to rule on the Rule 59(e) motion pending before it.