872 F.2d 1029
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
TOM RYAN DISTRIBUTING CO., INC., Plaintiff-Appellant,
v.
GENERAL DRIVERS AND HELPERS LOCAL UNION NO. 332, affiliated
with the International Brotherhood of Teamsters,
Chauffeurs, Warehousemen and Helpers of
America, Defendant-Appellee.
 Nos. 89-1099, 89-1238.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1989.
 ORDER
 
 1
 This matter is before the Court upon consideration of the parties' responses to this Court's March 3, 1989 order directing the parties to show cause why the appeals in Case Nos. 89-1099 and 89-1238 should not be dismissed for lack of appellate jurisdiction.
 
 
 2
 The district court filed its summary judgment on January 3, 1989. Pursuant to Fed.R.Civ.P. 59(e), the defendant filed a motion to alter or clarify that judgment on January 12, 1989. Before that motion was ruled upon, however, the plaintiff filed a notice of appeal on January 13, 1989 (Case No. 89-1099) and the defendant filed a notice of cross appeal on January 27, 1989 (Case No. 89-1238). Thereafter, the district court granted in part and denied in part the motion to alter or clarify and filed an amended judgment on February 6, 1989. The plaintiff filed a new notice of appeal on February 9, 1989 which was docketed with this Court as Case No. 89-1240.
 
 
 3
 In its response, the plaintiff concedes that both appeals were premature. The defendant asserts that its cross notice of appeal from the summary judgment was filed with the district court prior to the amended judgment but was not received by this Court until after the amended judgment thereby negating the danger of "dual jurisdiction" against which Fed.R.App.P. 4(a)(4) is directed. In the alternative, the defendant requests that this Court grant an extension for "good cause".
 
 
 4
 Pursuant to Fed.R.App.P. 4(a)(4), motions timely served under Rule 59(e) toll the time for filing a notice of appeal from the underlying judgment. That time begins to run anew after the disposition of the tolling motion. Rule 4(c)(4) further specifically provides that any notice of appeal filed before the disposition of such a motion shall have no effect. See also Griggs v. Provident Consumer Discount Co., 459 U.S. 56 (1982) (per curiam); Acosta v. Louisiana Department of H.H.S., 478 U.S. 251 (1986) (per curiam). Neither parties' notice of appeal, therefore, imparted appellate jurisdiction to this Court.
 
 
 5
 In the alternative, the defendant moves this Court for an extension of time to file a notice of appeal from the amended judgment. The district court, upon a showing of excusable neglect or good cause, may extend the time for filing a notice of appeal upon motion filed not later than thirty (30) days after the expiration of the time prescribed by Rule 4(a). Fed.R.App.P. 4(a)(5). In the present case, such an extension of time was neither sought nor granted. This Court has no authority to grant such an extension. Fed.R.App.P. 26(b).
 
 
 6
 It is ORDERED that the appeals in Case Nos. 89-1099 and 89-1238 are dismissed sua sponte for lack of jurisdiction. Rule 9(b)(1), Rules of the Sixth Circuit.