895 F.2d 1414
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven PICKLE, Terry Bradley, Plaintiffs,
Jaki Mahammad, Proposed Intervenor-Appellant,
v.
D.W. HARRIS, Sammy Carson, Defendants-Appellees.
 No. 89-5788.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1990.
 
 1
 Before KEITH and KRUPANSKY, Circuit Judges, and ANNA DIGGS TAYLOR, District Judge*.
 
 ORDER
 
 2
 This matter is before the court upon consideration of a motion to dismiss the appeal for lack of jurisdiction. The proposed intervenor-appellant responded in opposition.
 
 
 3
 A review of the the documents before the court indicates that the decision of the district court was entered May 28, 1986. Motions for contempt were filed by various prisoners in the district court in 1988. By order of November 29, 1988, the district court adopted a magistrate's report and recommendation, denied the motions for contempt and dismissed the action. On December 16, 1988, Jaki Mahammad filed a motion for intervention which was denied by order filed January 9, 1989. Mahammad appealed on June 7, 1989, from the January 9, 1989, order denying intervention.
 
 
 4
 The motion to dismiss argues that the November 29, 1988 order denying motions for contempt which were treated as petitions to intervene was final. It is also argued that the June 7, 1989, notice of appeal from the January 9, 1989, order is late. The proposed intervenor-appellant responded by stating that he never received the November 29, 1988, order and that he received the January 9, 1989, order on June 5, 1989.
 
 
 5
 The order from which the proposed intervenor-appellant sought to appeal was entered January 9, 1989. The time for filing a notice of appeal is thirty days after entry of the order being appealed. Fed.R.App.P. 4(a). The notice of appeal was not filed until June 7, 1989, which was 149 days after entry of the January 9, 1989, order.
 
 
 6
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal. The time for filing a notice of appeal runs from the date of entry of the order appealed, not its receipt. Reid v. White Motor Corp., 886 F.2d 1462, 1465-68 (6th Cir.1989); Ross v. Global Marine, Inc., 859 F.2d 336, 337 (5th Cir.1988) (per curiam).
 
 
 7
 It is ORDERED that the motion to dismiss be granted and the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 8, Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Anna Diggs Taylor, U.S. District Judge for the Eastern District of Michigan, sitting by designation