929 F.2d 701
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Florence C. ODITA, Plaintiff-Appellant,
v.
OHIO DEPARTMENT OF HUMAN SERVICES, Patricia Barry, State of
Ohio, Defendants-Appellees.
 No. 91-3013.
 United States Court of Appeals, Sixth Circuit.
 March 29, 1991.
 
 S.D. Ohio, No. 88-01229; Kraham, J.
 
 S.D.Ohio
 
 1
 APPEAL DISMISSED.
 
 
 2
 Before NATHANIEL R. JONES and SUHRHEINRICH, Circuit Judges, and JOINER, Senior District Judge*.
 
 ORDER
 
 3
 This matter is before the court upon consideration of the appellant's response to this court's order directing her to show cause why her appeal should not be dismissed because of a late notice of appeal. The appellees have filed a motion to dismiss on the basis of a late notice of appeal. The appellant has filed responses to this court's show cause order and the motion to dismiss. She states that she had 30 days from service of the order denying the motion for new trial to file her notice of appeal. She asserts that she did not have knowledge of the September 11, 1990, order denying new trial until December 12, 1990; thus, her notice of appeal filed December 13, 1990, complied with the time period provided by Fed.R.App.P. 4(a).
 
 
 4
 It appears from the record that the judgment was entered June 20, 1990. Although appellant was represented by counsel, she served a pro se Fed.R.Civ.P. 59 motion for new trial on July 5, 1990. This motion was served within the period prescribed by Fed.R.Civ.P. 59 as calculated pursuant to Fed.R.Civ.P. 6(a) and tolled the appeal period prescribed by Fed.R.App.P. 4(a). The motion of the appellees to strike the motion on the basis that it was filed pro se was denied by the district court. New trial was denied by order entered September 11, 1990. Appellant filed a pro se notice of appeal on December 13, 1990. Appellees' motion to dismiss the appeal was denied in the district court by order entered January 11, 1991. That order determined that no notice of withdrawal of trial counsel was filed, that the order denying a new trial was apparently sent only to counsel, and that no motion for extension of time was filed within the period provided by Fed.R.App.P. 4(a)(5). The court further noted that pro se status does not excuse a late notice of appeal and that, especially because appellant has a law degree, she should have checked with her attorney and the clerk's office on a regular basis to determine if a ruling had been made on her motion. The notice of appeal filed on December 13, 1990, was 93 days late. Fed.R.App.P. 4(a) and 26(a).
 
 
 5
 The appeal period in the instant case ran from the entry of the order denying the Fed.R.Civ.P. 59 motion for new trial. See Fed.R.App.P. 4(a)(4). The time is calculated from the date of the entry of the order or decision on the docket sheet. See United States v. Cooper, 876 F.2d 1192, 1195 (5th Cir.1989) (per curiam); Ross v. Global Marine, Inc., 859 F.2d 336, 337 (5th Cir.1988) (per curiam).
 
 
 6
 The failure of an appellant to timely file a notice of appeal deprives an appellate court of jurisdiction. Compliance with Fed.R.App.P. 4(a) is a mandatory and jurisdictional prerequisite which this court can neither waive nor extend. Baker v. Raulie, 879 F.2d 1396, 1398 (6th Cir.1989) (per curiam); McMillan v. Barksdale, 823 F.2d 981, 982 (6th Cir.1987); Myers v. Ace Hardware, Inc., 777 F.2d 1099, 1102 (6th Cir.1985); Denley v. Shearson/American Express, Inc., 733 F.2d 39, 41 (6th Cir.1984) (per curiam); Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1018 (6th Cir.1983). Fed.R.App.P. 26(b) specifically provides that this court cannot enlarge the time for filing a notice of appeal.
 
 
 7
 Accordingly, it is ORDERED that the motion to dismiss be granted and the appeal be, and it hereby is, dismissed for lack of jurisdiction. Rule 8(a), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior District Judge for the Eastern District of Michigan, sitting by designation