12 F.3d 215
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Isiah V. WILLIAMS, Plaintiff-Appellant,
v.
John JABE, Warden, et al., Defendants-Appellees.
 No. 93-1356.
 United States Court of Appeals, Sixth Circuit.
 Nov. 15, 1993.
 
 Before: KENNEDY, MARTIN and SILER, Circuit Judges.
 
 ORDER
 
 1
 Isiah V. Williams, a Michigan state prisoner, moves for the appointment of counsel on appeal from a district court order granting in part the defendants' motion to tax costs against him following the dismissal of his civil rights action. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following the summary judgment for defendants in the underlying action, they moved for an award of costs of $440.00. Williams responded by arguing that he was paid only $40.00 per month at his prison job assignment, out of which he had to pay for personal hygiene items, postage, and copying. The district court granted the motion in part, awarding defendants $50.00 and ordering that such amount could be withdrawn from the prisoner's account. The order awarding costs was signed on January 7, 1993, but not entered on the docket until January 21, 1993. On January 29, 1993, Williams served a motion for reconsideration of the order, arguing that he had lost his job assignment on medical grounds, been transferred, and was now at the bottom of a long waiting list for a new job assignment. He therefore argued that he was totally destitute and could not afford to pay the $50.00 assessed. His motion was filed on February 3, 1993. The district court denied the motion as untimely. Williams appealed and was granted pauper status by an earlier order of this court.
 
 
 3
 Upon review, it is concluded that the district court erroneously denied the motion for reconsideration as untimely, as it was served within ten days of the entry of the order, as required by Fed.R.Civ.P. 59(e). It is the date of entry or docketing of the order, rather than the date of signing or filing, which controls. See Ross v. Global Marine, Inc., 859 F.2d 336, 337 (5th Cir.1988) (per curiam). Similarly, it is the date of service of a motion which determines whether it is a timely Fed.R.Civ.P. 59(e) motion, rather than the date of filing. Fed.R.App.P. 4(a)(4); see Peake v. First Nat'l Bank & Trust Co., 717 F.2d 1016, 1019 & n. 5 (6th Cir.1983).
 
 
 4
 Further, it is concluded that the arguments for relief from costs should be considered by the district court in the first instance. Cf. Weaver v. Toombs, 948 F.2d 1004, 1014 (6th Cir.1991). Accordingly, the motion for counsel is denied, the district court's order denying reconsideration is vacated, and this matter is remanded to the district court for further proceedings. Rule 9(b)(3), Rules of the Sixth Circuit.