Michael FRANKSTON, Plaintiff—
Appellant,

v.

AURA SYSTEMS, INC., Defendant—
Appellee

and

Cypher Master, Inc.; Innovative
Information Systems,
Defendants.

No. 01–55035.

D.C. No. CV–91–06232–LGB–02.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 10, 2002.

Decided April 17, 2002.

Before REINHARDT and GRABER, Circuit Judges, and HUNT,* District Judge.

MEMORANDUM **

Plaintiff Michael Frankston brought this civil action against Defendant Aura Systems, Inc. He prevailed at trial, and a jury awarded damages against Defendant and two other companies that it allegedly controlled. After failing in his attempts to collect the full amount of the judgment, Plaintiff filed post-disposition motions seeking to have the court amend the judgment, appoint a receiver, and authorize a

---

* The Honorable Roger L. Hunt, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

levy on Defendant's assets. The district court denied the motions, and Plaintiff appeals.

■ 1. Plaintiff's appeal from the district court's denial of his first motion to amend the judgment is timely. The district court's minute order was not properly entered as a final order, because it was not a "separate document" within the meaning of Rule 58 and because it did not meet the criteria for "entry" articulated in *Ingram v. ACandS, Inc.*, 977 F.2d 1332, 1338–39 (9th Cir.1992). *See also Calhoun v. United States*, 647 F.2d 6, 8–10 (9th Cir.1981), *overruled on other grounds by Acosta v. Louisiana Dep't of Health & Human Res.*, 478 U.S. 251, 254, 106 S.Ct. 2876, 92 L.Ed.2d 192 (1986). Thus, although the appeal may be premature, it is not late, and we can entertain it. *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 388, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978); *Vernon v. Heckler*, 811 F.2d 1274, 1276–77 (9th Cir. 1987).

■ 2. The district court made an error of law (and thereby abused its discretion) when it ruled that it lacked statutory authority to amend the judgment by adding judgment debtors. *See Levander v. Prober (In re Levander)*, 180 F.3d 1114, 1120–21 (9th Cir.1999) (holding that district court can rely on state law to add judgment debtors under Rule 69(a)). California law, specifically California Civil Procedure Code § 187, gives a court authority to amend a judgment to add judgment debtors. *Id.* at 1121. Although Plaintiff did not cite these authorities in his first motion, this did not relieve the district court of its duty to apply the proper legal standard. *Bateman v. United States Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000); *see also Koon v. United States*, 518 U.S. 81, 100, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996) ("A district court by definition abuses its discretion when it makes an error of law.").

Because the district court incorrectly believed that it had no authority to address the merits of Plaintiff's request to add judgment debtors, we remand to allow that court to consider whether to exercise its authority.

3. The district court also denied Plaintiff's motion for an order in aid of execution of the judgment, on the ground that it declined to revisit its earlier refusal to amend the judgment. We already have ruled that the court should revisit that earlier decision, which eliminates the court's only rationale for this order. Accordingly, we vacate this order as well. Further, because the district court has the power to appoint a receiver or authorize a levy on Defendant's assets even in the absence of an amended judgment, the district court should in any event consider these two forms of relief on remand.

REVERSED and REMANDED.