### In re ARROWHEAD ESTATES DEVELOPMENT CO., Debtor.

### ARROWHEAD ESTATES DEVELOPMENT CO., Appellant,

v.

### UNITED STATES TRUSTEE, Appellee.

### In re Larry Edward JARRETT; Susanne Jarrett, Debtors.

### William H. FISHER, Appellant,

v.

### Larry Edward JARRETT; Susanne Jarrett, Appellees.

### Nos. 93–55530, 93–56540.

United States Court of Appeals, Ninth Circuit.

Submitted on Briefs * Oct. 31, 1994.

Argued and Submitted Oct. 31, 1994.

Decided Dec. 30, 1994.

As Amended March 23, 1995.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34.4.

David Seror and Thomas M. Geher, Epstein, Becker & Green, Los Angeles, CA, for appellant-debtor Arrowhead Estates Development Co.

William H. Fisher, pro se.

No appearance for the appellees.

Before: FLOYD R. GIBSON,** HUG, and HAWKINS, Circuit Judges.

HAWKINS, Circuit Judge:

We consider here the timing of notices of appeal. In these appeals, certain of the parties filed notices of appeal after the bankruptcy trial court rendered its oral decision but before the entry of a formal order in the court docket. Because of this timing, the Bankruptcy Appellate Panel for the Ninth Circuit ("BAP") did not reach the full merits of these appeals. Given the choice, we opt for a consideration of the parties' claims on their merits and we return them to the courts below to do just that.

In the first of these appeals, Arrowhead Estates Development Co. ("Arrowhead") appeals from an order of the BAP dismissing its appeal as untimely. In the second, William H. Fisher ("Fisher") appeals the BAP's decision that it had jurisdiction to consider his appeal regarding his motion for reconsideration, but not to consider his appeal of the judgment underlying that motion. For the reasons set forth below, we reverse the BAP's determination in *Arrowhead* and affirm in part and reverse in part the BAP's ruling in *Jarrett*. We remand both cases for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL HISTORY

#### A. ARROWHEAD

On May 6, 1992, the United States Bankruptcy Court for the Central District of California entered an order converting Arrowhead's Chapter 11 reorganization petition to a Chapter 7 liquidation. Arrowhead filed a motion for reconsideration on May 15, 1992. The bankruptcy court heard and orally denied Arrowhead's motion on June 9, 1992, but this order was not entered in the court's docket until August 25, 1992. Arrowhead filed a notice of appeal to the BAP on June 16, 1992, after the court's oral ruling, but before its entry in the docket. Arrowhead did not file a new notice of appeal after the order was entered.

On March 2, 1993, the BAP dismissed the appeal concluding that it lacked jurisdiction because Arrowhead filed its notice of appeal before the entry of the formal order denying reconsideration. Arrowhead thereafter pursued this appeal on March 31, 1993. We reverse.

#### B. JARRETT

On April 9, 1986, Edward Fisher agreed to loan Larry Jarrett and Arthur Clark $10,000, and they agreed to repay him $20,000 on a straight note forty-five days later. The loan was secured by a deed of trust on the Jarretts' home conveyed by Jarrett and Clark.[1] In separate transactions on April 17 and April 25, 1986, Fisher loaned Clark an additional $25,000 and $5,000 respectively.

On June 16, 1986, Clark repaid $5,000 by personal check. On September 24, 1986, Clark gave Fisher a cashier's check for $25,000, of which Fisher retained approximately $15,000. The remaining balance of the September 24 payment was distributed to Jarrett and a third party to whom Clark owed money. Although these payments amounted to $20,000, Fisher did not release the deed of trust; instead he filed a three-day demand for payment on September 7, 1988.[2]

The Jarretts commenced a Chapter 13 filing on April 7, 1989. On May 25, Fisher sued the Jarretts and Clark in state court for

---

** Hon. Floyd R. Gibson, Senior United States Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. Although Clark had no interest in the Jarretts' property, he signed the deed of trust as a grantor. Fisher attempted to argue that this act constituted fraud, but the BAP concluded that the collateral documents accompanying the deed of trust adequately identified the Jarretts as the true owners of the property.

2. In his brief, Fisher asserted that the reason he refused to release the deed of trust was that the payments from Clark were to repay the separate loans to Clark, not to repay the deed of trust loan. We do not reach this issue, however, as it involves the merits of Fisher's appeal which are not properly before us.

fraud. On July 5, 1989, the Jarretts commenced an action in the bankruptcy court to determine the validity of Fisher's deed of trust and for damages against Fisher for willful violation of the automatic stay established by the bankruptcy laws.

After being notified by the bankruptcy court that his suit violated the automatic stay, Fisher dismissed his state court claims as to the Jarretts.[3] Fisher was not present when the trial on the deed of trust began on October 20, 1989, but Fisher did attend when the trial was continued to November 9, 1989, and the court granted the Jarretts' summary judgment motion for $1,000 damages against Fisher for violation of the stay. Trial on the deed of trust was continued to December 7, 1989. Again, Fisher did not attend that proceeding.[4]

At trial, Jarrett and Clark testified that the payments made by Clark to Fisher in June and September of 1986 were intended to repay the original $20,000 debt that was secured by the deed of trust. Satisfied with this testimony, the bankruptcy court entered an order nullifying the deed of trust on December 20, 1989. Fisher moved for reconsideration of this order on December 27. The trial court heard and orally announced its denial of Fisher's motion on February 8, 1990, but this order was not entered in the court's docket until March 5. After the denial was announced, but before the entry in the docket, Fisher filed an application for leave to appeal on February 21, 1990.[5] He did not file a new notice of appeal after the order was entered.

### DISCUSSION

These appeals concern the effectiveness of a notice of appeal filed after a trial court orally announces its decision but before the

formal entry of an order on the court's docket.[6]

### A. ARROWHEAD

In its brief, Arrowhead first contends that the BAP's reliance on *Acosta v. Louisiana Dep't of Health & Human Res.*, 478 U.S. 251, 106 S.Ct. 2876, 92 L.Ed.2d 192 (1986), and *In re Sweet Transfer & Storage, Inc.*, 896 F.2d 1189 (9th Cir.1990), was misplaced because those cases interpreted older and different versions of Federal Rule of Appellate Procedure ("FRAP") 4(a)(4) and Federal Rule of Bankruptcy Procedure ("Bankruptcy Rule") 8002(b) than are currently in force. Second, Arrowhead argues that the unique circumstances of its appeal warrant a finding that the appeal was timely. Our disposition of the first argument makes consideration of the second unnecessary.

*Acosta* sought to resolve a conflict in the circuits concerning the proper interpretation of FRAP 4(a). 478 U.S. at 252–253, 106 S.Ct. at 2876–77. In *Calhoun v. United States*, 647 F.2d 6 (9th Cir.1981), this Court held that a notice of appeal filed after the announcement but before the entry of a decision on a motion for reconsideration was effective. According to *Calhoun*, "the word 'disposition' means announcement of the court's decision on the motion." *Id.* at 10. The Fifth Circuit, on the other hand, held the view that a notice of appeal filed any time before the entry of the court's decision is premature and has no effect. *Acosta v. Louisiana Health & Human Res.*, 776 F.2d 1046 (5th Cir.1985) (table); *see also Ross v. Global Marine, Inc.*, 859 F.2d 336, 340 (5th Cir.1988).

To resolve this conflict, the Supreme Court relied on the portion of FRAP 4(a)(4) that provided: "A notice of appeal filed before the disposition of [a motion for reconsideration]

---

**3.** Fisher prevailed against Clark on the fraud claims in state court.

**4.** At the hearing on his reconsideration motion, Fisher attempted to present evidence that his health prevented him from attending the trial.

**5.** In its Memorandum, the BAP stated that its "practice is to treat a motion for leave to appeal as a notice of appeal where appropriate."

**6.** While this issue is not raised by Fisher's brief in *Jarrett*, it is a jurisdictional issue that was raised *sua sponte* by the BAP, and upon which its decision rests. *See In re Martinez* 721 F.2d 262, 264 (9th Cir.1983); *Csibi v. Fustos*, 670 F.2d 134, 136 n. 3 (9th Cir.1982) (per curiam).

shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion." The Court held that the *Calhoun* decision failed to comport "with the plain wording of the Rules." *Acosta*, 478 U.S. at 253, 106 S.Ct. at 2877. Additionally, the Court noted FRAP 4(a)(2)'s statement that " *'[e]xcept as provided in (a)(4) of this Rule 4,* a notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after such entry and on the day thereof.'" *Id.* at 254, 106 S.Ct. at 2877–78 (emphasis in original). *Calhoun*'s interpretation, said the Court, would effectively read this exception out of the Rule. *Id.*

In *Sweet Transfer*, 896 F.2d at 1189, this Court considered the effect of *Acosta* on our interpretation of Bankruptcy Rule 8002. We pointed out that Rule 8002(b) historically has been construed to be consistent with FRAP 4(a)(4), so *Acosta* controlled the issue of timeliness in bankruptcy appeals. *Id.* at 1192. Additionally, we stated that "given the stricter language of the bankruptcy rule (there is no equivalent to Fed.R.App.P. 4(a)(2) in BR 8002) it should not be construed more liberally." *Id.*

However, in 1991, Bankruptcy Rule 8002(a) was amended to provide that "[a] notice of appeal filed after the announcement of a decision or order but before the entry of the judgment, order, or decree shall be treated as filed after such entry and on the date thereof." The purpose of this amendment was "to conform with rule 4(a)(2) which is designed to avoid the loss of the right to appeal when a notice of appeal is filed prematurely." Bankruptcy Rule 8002(a) (Advisory Committee's note to 1991 amendment). Thus, it appears that *Sweet Transfer's* concerns regarding liberally construing Bankruptcy Rule 8002 were resolved by that amendment.[7]

Additionally, a recent amendment to FRAP 4(a) essentially enacts the *Calhoun* interpretation of the Rule. The amendment eliminated the exception language from FRAP 4(a)(2), making the provision that "[a] notice of appeal filed after the court announces a decision or order but before entry of the judgment or order is treated as filed on the date of and after entry" applicable to all judgments, even those concerning the motions enumerated in Rule 4(a)(4).[8] Moreover, subparagraph (a)(4) was also amended to provide:

> (4) If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion under the Federal Rules of Civil Procedure: [several enumerated motions follow, including a motion to alter or amend the judgment under Rule 59, which can encompass a motion for reconsideration].
>
> A notice of appeal filed after announcement of the judgment of but before the disposition of any of the above motions is ineffective to appeal from the judgment or order, or part thereof, specified in the notice of appeal, *until the date of the entry of the order disposing of the last such motion outstanding.*

Fed.R.App.P. 4(a)(4) (emphasis added).

The purpose of the amendment was to eliminate a "trap [created] for an unsuspecting litigant who files a notice of appeal" before the disposition of a post trial motion. Fed.R.App.P. 4(a)(4) (Advisory Committee's note to 1993 amendment). "Many litigants, especially pro se litigants, fail to file the second notice of appeal, and several courts have expressed dissatisfaction with the rule." *Id.* This "trap" is exactly what caught Arrowhead, and caused the BAP to dismiss its appeal.

■ An amendment to Bankruptcy Rule 8002(b) wholly adopts the new version of

---

7. Bankruptcy Rule 8002(a), as amended, contains no corollary to the exception in FRAP 4(a)(2) relied upon in *Acosta*. Therefore, Bankruptcy Rule 8002(a) is actually more flexible than was FRAP 4(a)(2) at the time of *Sweet Transfer*.

8. The language deleted by the amendment was the same language *Acosta* held that *Calhoun* was reading out of the Rule. *See Acosta*, 478 U.S. at 254, 106 S.Ct. at 2877–78.

FRAP 4(a)(4), and the two rules should be interpreted consistently. We have held that "we should construe Bankruptcy Rule 802 [now 8002] in the same manner as we do Appellate Rule 4(a). The policies underlying the federal rules would not be advanced by a contrary result." *In re Brickyard*, 735 F.2d 1154, 1156 (9th Cir.1984); *see also In re Magouirk*, 693 F.2d 948, 951 (9th Cir.1982); *In re Estate of Butler's Tire & Battery Co.*, 592 F.2d 1028, 1031 (9th Cir.1979); *In re Branding Iron Steak House*, 536 F.2d 299, 301 n. 1 (9th Cir.1976). It follows then, that the result in this case should not be inconsistent with the amended version of Rule 4(a).

■ That the amendments to FRAP 4(a)(4) and Bankruptcy Rule 8002(b) became effective after Arrowhead lodged its appeal does not preclude application of the amended rules to this case.[9] While there is often a presumption against retroactive application of new legislation to pending cases, this presumption generally does not apply to rules conferring or withdrawing jurisdiction. *Landgraf v. USI Film Prods.*, —— U.S. ——, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994). "Present law normally governs in such situations because jurisdictional statutes 'speak to the power of the court rather than to the rights or obligations of the parties.'" *Id.* at ——, 114 S.Ct. at 1502 (quoting *Republic Nat'l Bank v. United States*, —— U.S. ——, ——, 113 S.Ct. 554, 565, 121 L.Ed.2d 474 (1992) (Thomas, J. concurring)); *see also Andrus v. Charlestone Stone Prods. Co.*, 436 U.S. 604, 98 S.Ct. 2002, 56 L.Ed.2d 570 (1978); Order Amending Bankruptcy Rules and Forms, 421 U.S. 1021 (1975). Additionally, "[c]hanges in procedural rules may often be applied in suits arising before their enactment without raising concerns about retroactivity." *Landgraf*, —— U.S. at ——, 114 S.Ct. at 1502.

## B. *JARRETT*

A motion for reconsideration may be brought under either Fed.R.Civ.P. ("FRCP") 59(e) or 60(b). *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied*, —— U.S. ——, 114 S.Ct. 2742, 129 L.Ed.2d 861 (1994). Since Fisher did not specify which rule supported his motion, the BAP considered the denial of the motion under both standards. *See id.* at 1262–63.

■ The BAP first analyzed the motion under FRCP 59(e), and held that "[p]ursuant to Rule 8002(b), when a tolling motion is made, a new notice of appeal must be filed after disposition of the motion in order to perfect an appeal from the underlying judgment." Because Fisher filed his application for leave to appeal after the oral announcement but before the entry of the bankruptcy court's decision, the BAP held that the appeal was untimely under Bankruptcy Rule 8002(b). For the reasons expressed in the *Arrowhead* discussion above, this ruling is reversed.

However, the BAP also analyzed the motion under FRCP 60(b) because Fisher alleged that Jarrett and Clark had committed fraud and perjury by their testimony at trial. Applying FRCP 60(b), the BAP held the denial of Fisher's motion for reconsideration to be a final appealable order which allowed the filing of a prospective notice of appeal under Bankruptcy Rule 8002(a). This characterization permitted the BAP to review the denial of the motion without reaching the underlying judgment. The BAP determined that the bankruptcy court did not abuse its discretion by denying Fisher's motion for reconsideration. Fisher has not specifically challenged this ruling on appeal, but seeks only to have us review the merits of his appeal. However, under the most recent amendment to Rule 8002(b), FRCP 60(b) motions, if filed within 10 days of the entry of the judgment, also toll the time to file a

---

9. The BAP entered its Order of Dismissal on March 2, 1993, and Arrowhead filed its notice of Appeal to this Court on March 31, 1993. The amendment to FRAP 4 became effective on December 1, 1993. The amendment to Bankruptcy Rule 8002(b) became effective on August 1, 1994.

notice of appeal. *See* Fed.R.Bankr.P. 8002(b)(4). We remand this case to the BAP to consider the merits of Fisher's appeal of the judgment setting aside his deed of trust in the Jarretts' property. This was the judgment underlying his motion for reconsideration, but it was not reviewed by the BAP because of the BAP's analysis under Rule 59(e).

### *CONCLUSION*

We hold that the recent amendments to Rule 8002 and FRAP 4(a)(4) provide a sufficient basis for distinguishing *Acosta* and *Sweet Transfer* from the present cases. Accordingly, we reverse the BAP's decision to dismiss Arrowhead's appeal, and its decision not to allow Fisher's appeal of the judgment underlying his motion and we remand the appeals for consideration of their merits.

REVERSED.