In re Nicholas Anthony PETERS, Debtor.

Nancy Jo RETTIG, Appellant,

v.

Nicholas A. PETERS, Appellee.

BAP No. CC–94–2523–VJRi.

Bankruptcy No. LA93–26896 CA.

Adv. No. LA93–02735 CA.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Nov. 17, 1995.

Decided Jan. 18, 1996.

William F. Clark, Torrance, CA, for Appellant.

Michael J. Kurz, Long Beach, CA, for Appellee.

Before VOLINN, JONES and RIEGLE,[1] Bankruptcy Judges.

## OPINION

VOLINN, Bankruptcy Judge:

### OVERVIEW

Nancy Jo Rettig ("Ms. Rettig"), a creditor of the debtor, appeals a judgment holding the debtor not liable for fraud or defalcation while acting in a fiduciary capacity under 11 U.S.C. § 523(a)(4).[2] The panel is without jurisdiction to reach the merits, however, because of an unresolved motion below.

We REMAND.

### FACTUAL BACKGROUND AND PROCEEDINGS

Ms. Rettig is a psychotherapist who specializes in family counseling. She had personal savings of $20,000 at the time she started dating the debtor in April of 1991.

---

1. Hon. Linda B. Riegle, Chief Bankruptcy Judge for the District of Nevada, sitting by designation.

2. Unless otherwise stated, all references to "sections" refer to the U.S. Bankruptcy Code, 11 U.S.C. § 101 et seq. All references to "Rules" refer to the Federal Rules of Bankruptcy Procedure.

The debtor holds a California real estate license. On their first date, he told Ms. Rettig that he jointly owned real property consisting of 104 condominium units in Las Vegas, Nevada. He suggested that she invest money in the venture. Initially, she did not want to loan any money to the debtor, but he convinced her it was safe, and that he would monitor the investment for her. Ms. Rettig had never purchased any real estate before and she was nervous about investing her savings in such a way. The debtor also prepared and sent Ms. Rettig an information package on the property which indicated that the investment would be secured by real estate.

Based on these oral and written representations, Ms. Rettig loaned the debtor $4,000 on April 25, 1991. The debtor gave her a promissory note payable in a year, with interest at the rate of 19% per annum. Ms. Rettig tendered the $4,000 payment at the Moore Investment offices, the real estate company where the debtor told her he was employed. She was not given a deed of trust.

In correspondence dated May 17, 1991, the debtor purported to advise Ms. Rettig about the status of her "investment in the Las Vegas condos and trust deeds." The letter was typed on Moore Investments letterhead. Although the $4,000 transaction was structured as a personal loan to the debtor, Ms. Rettig testified that it was her understanding that the debtor would invest the money in her name in the debtor's real estate venture.

On July 22, 1991, Ms. Rettig loaned the debtor $16,000. Again, Ms. Rettig tendered the funds at the Moore Investment offices. The transaction was also evidenced by a promissory note payable in one year with interest at the rate of 20% per annum. The debtor gave Ms. Rettig a deed of trust to secure payment of the note. The trust deed encumbered certain real property located in Las Vegas, Nevada, described as 5080 Spencer, Unit "A". The deed was not recorded at the time of payment nor at any time thereafter. Ms. Rettig did not know that the deed had to be recorded in order to protect her security interest in the property. Because of her relationship with the debtor and his role as her advisor, Ms. Rettig assumed that all requirements associated with securing her investment would be handled by the debtor. He did not tell her that her security interest would be protected against third party interests only if the deed was recorded in Clark County, Nevada.

Two months later, on September 24, 1991, the real property in which Ms. Rettig held a security interest was sold. The debtor was aware of the sale, and the fact that Ms. Rettig's deed of trust, not having been secured, would effectively deprive her of her security. As a consequence, she was not paid from the sale proceeds. He did not inform her of the sale, nor grant her substitute security in another condominium. Nonetheless, the debtor sent Ms. Rettig a year-end statement in December, 1991 that referenced her two payments, listing them as investments and indicating that they were both secured by real property described as 5080 Spencer, Unit "A".

The year-end statement was followed by a second version sent in January, 1992. The second statement listed the $4,000 as an unsecured investment. The $16,000 investment was still listed as secured, but by a different piece of real property (5080 Spencer, Unit "D") from that described in her unrecorded deed of trust. A note under the description of Unit D indicated that escrow had closed on September 24, 1991.

Approximately one month before the first note matured, Ms. Rettig informed the debtor that she would be seeking full payment, plus interest. He assured her that she would be paid. She did not receive any funds or communication from the debtor on the date payment was due.

The debtor ultimately contacted Ms. Rettig and asked her to restructure payment of the loans. She refused and brought a lawsuit to recover the funds. According to the debtor, this litigation resulted in his filing a bankruptcy petition on May 11, 1993. Ms. Rettig was listed as an unsecured creditor on the debtor's schedules. She filed a complaint to determine dischargeability pursuant to

§ 523(a)(4).[3]

The trial court found that the debtor was a licensed real estate agent in the State of California. The court held, however, that because the debtor was not Ms. Rettig's real estate agent, no fiduciary relationship arose between them. The court determined that the debtor owed no duty to Ms. Rettig other than that expected of principals in an arms' length transaction. The court held Ms. Rettig responsible for recording the deed of trust. The court further found that the debtor's actions and communications were not misleading and held the debts dischargeable.

The court instructed the debtor to prepare Findings of Fact and Statement of Decision ("findings and statement") and a separate judgment. Ms. Rettig timely objected to the debtor's findings and statement and filed an alternative pleading in compliance with the applicable local rule.[4] Ms. Rettig also requested a hearing on her objection. The court never responded to Ms. Rettig's request and signed the findings and statement and judgment as originally filed without indicating whether it had considered appellant's objections. The judgment was entered on October 17, 1994.

On November 14, 1994, approximately 27 days after entry of the judgment, Ms. Rettig filed a motion to extend the time to file a notice of appeal. The clerk set a hearing on the motion for December 12, 1994. After reviewing the evidence, the court granted Ms. Rettig's request and extended the time to appeal the judgment to December 15, 1994. Ms. Rettig filed her notice of appeal on December 13, 1994 claiming that the trial court's findings were clearly erroneous and that its conclusions of law constituted an abuse of discretion.

Unaware of Ms. Rettig's unresolved objections, the panel issued a conditional order of dismissal on November 1, 1995 because it appeared that the notice of appeal was not timely filed.[5] Ms. Rettig responded that the motion for an extension of time was filed within 30 days of the entry of the judgment and that her failure to file the notice of appeal in a timely manner constituted excusable neglect as defined under Rule 8002(c).[6] She further asserted that her motion for an extension of time should be considered a tolling motion under Rule 8002(b) rendering a notice of appeal unnecessary until after entry of an order disposing of the motion.

In addition to the foregoing contentions, Ms. Rettig argued that her objection to the findings and statement constituted a tolling motion under Rule 8002(b).[7] Finally, Ms. Rettig asserted that *In re Arrowhead Estates Development Co.,* 42 F.3d 1306 (9th Cir.1994) directs the panel to apply Rule 8002(c) in a manner to correspond to Federal Rule of Appellate Procedure ("FRAP")

3. Section 523(a)(4) provides in pertinent part: "A discharge under section 727 ... of this title does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity...." 11 U.S.C. § 523(a)(4).

4. Central District of California Local Bankruptcy Rule 116(1)(e). Rule 116(1)(e) provides: "Opposing counsel may, within seven Court days after service of a copy of a document prepared pursuant to this Local Bankruptcy Rule, file and serve objections to the form of the document, setting forth the grounds thereof. A proposed alternative form of order so labeled, shall be lodged with the objections...."

5. The relevant portion of Rule 8002(a) provides: "The notice of appeal shall be filed with the clerk within 10 days of the date of the entry of the judgment, order, or decree appealed from."

6. The relevant portion of Rule 8002(c) provides: "The bankruptcy judge may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before the time for filing a notice of appeal has expired, except that a request made no more than 20 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect...."

7. The relevant portion of Rule 8002(b) provides: "If any party makes a timely motion of a type specified immediately below, the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding. This provision applies to a timely motion: (1) to amend or make additional findings of fact ... whether or not granting the motion would alter the judgment; (2) to alter or amend the judgment ... [or]; (3) for a new trial...."

4(a)(5) to determine the timeliness of the notice of appeal.[8]

Argument regarding timeliness of the appeal was presented together with argument on the merits.

## ISSUES

1) Initially, the panel must consider whether it lacks jurisdiction and consequently must dismiss the appeal because it was not timely filed under Rule 8002.

2) Assuming we have jurisdiction, the panel must determine whether the court committed reversible error by ruling that the debtor was not a fiduciary within the meaning of § 523(a)(4) where the debtor, a licensed real estate broker in the state of California, encouraged the appellant to rely upon him for investment advice and solicited loans from the appellant for a real estate venture in which he was a general partner.

## STANDARD OF REVIEW

■ The panel determines its jurisdiction *sua sponte*. *In re Martinez*, 721 F.2d 262, 264 (9th Cir.1983). Untimely filing of a notice of appeal deprives the appellate court of jurisdiction to review the bankruptcy court's judgment. *In re Souza*, 795 F.2d 855, 857 (9th Cir.1986).

■ A bankruptcy court's ruling that a debt is dischargeable is reviewed for an abuse of discretion. *In re Britton*, 950 F.2d 602, 604 (9th Cir.1991); *In re Littleton*, 942 F.2d 551, 553 (9th Cir.1991). The court's findings are reviewed for clear error and its conclusions of law are reviewed de novo. *In re Britton*, 950 F.2d at 604.

## DISCUSSION

*Whether the panel has jurisdiction over this appeal*

■ The time limits established for filing a notice of appeal are "mandatory and jurisdictional." *Browder v. Director, Ill. Dept. of Corrections*, 434 U.S. 257, 264, 98 S.Ct. 556, 561, 54 L.Ed.2d 521 (1978). Rule 8002 requires that a notice of appeal be filed within ten days of the entry of the order or judgment appealed from. Rule 8002(a). However, this time can be extended under certain circumstances. The time for filing an appeal is tolled where a party brings one of the motions described in Rule 8002(b); the notice of appeal must be filed within ten days after an order is entered disposing of such a motion. Rule 8002(b). In addition, the time to appeal can be extended for up to 20 days past the ten-day period if a party moves to extend the time for filing. Although the motion need not be granted within that time frame, the notice of appeal must be filed before the 20–day period expires in order to preserve the appeal. Rule 8002(c); *In re Mouradick*, 13 F.3d 326, 327–328 (9th Cir. 1994).

■ As distinguished from motions to extend, motions that toll the time to appeal under Rule 8002(b) are those which seek to amend or add to the findings, or to alter or amend the judgment or request a new trial, or which seek relief from the judgment. *See* Rules 8002(b), 7052(b), 9023 and 9024. A motion for reconsideration also tolls the time to appeal under Rule 8002(b). *In re Curry and Sorensen, Inc.*, 57 B.R. 824, 827 (9th Cir. BAP 1986). These motions toll the time for appeal even where they are filed prematurely (e.g., filed after an oral ruling, but before entry of a formal order or judgment). Rule 8002(b); *Calculators Hawaii, Inc. v. Brandt, Inc.*, 724 F.2d 1332, 1335 (9th Cir.1983).

*Whether Rule 8002 and FRAP 4 must be interpreted consistently*

■ Citing *In re Arrowhead Estates Development Co.*, 42 F.3d 1306 (9th Cir. 1994), the appellant urges us to construe Rule 8002 to conform to FRAP 4 as amended. FRAP 4(a) is the analog to Rule 8002. *See In re Sweet Transfer & Storage, Inc.*, 896 F.2d 1189, 1192 (9th Cir.1990); *see also* Fed. R.Bankr.P. 8002 advisory committee's note (1983) ("[Rule 8002] is an adaptation of Rule

---

**8.** The relevant portion of FRAP 4(a)(5), as amended in 1979, provides:

[Extension of the time to file a notice of appeal] ... shall [not] exceed 30 days past such prescribed time or 10 days from the date of entry of the order granting the motion, whichever occurs later.

4(a) FR App P."). Rule 8002(a) was amended in 1991 to conform to amendments made to FRAP 4(a)(2) in 1979, and Rule 8002(b) was amended in 1994 to conform to amendments to FRAP 4(a)(4) made in 1993. As the *Arrowhead* court explained, Rule 8002 should be construed "in the same manner as ... [FRAP] 4. The policies underlying the federal rules would not be advanced by a contrary result." *In re Arrowhead Estates Development Co.*, 42 F.3d 1306, 1311 (9th Cir. 1994).

FRAP 4(a) and Rule 8002 have posed two significant procedural problems for litigants. First, both rules originally provided that a notice of appeal filed after an oral ruling on a tolling motion but before entry of the written order was ineffective. FRAP 4(a)(4) and Rule 8002(b).[9] Unless another notice was filed within ten days of entry of the written order, the appeal would not proceed. This provision was changed by amendment in both FRAP 4(a)(4) and Rule 8002(b). They now provide that a premature notice of appeal will be deemed filed on the day the order disposing of a tolling motion is entered.[10] The amendments to FRAP 4(a)(4) and Rule 8002(b) became effective in 1993 and 1994, respectively.

When *Arrowhead* first came before the panel on March 2, 1993, Rule 8002(b) had yet to be modified. The panel was compelled to dismiss the case because the appellant filed its notice of appeal before entry of an order disposing of a motion for reconsideration, but did not refile the notice after the order was entered. While on appeal to the Ninth Circuit, Rule 8002(b) was changed to conform to FRAP 4(a)(4). The Ninth Circuit applied the

amended version of the Rule retroactively, concluded that the appeal was timely, and remanded the case for disposition on the merits. Thus, this first "trap for the unwary" was removed from the two rules.

As noted above, however, a second aspect of these rules has posed problems for would-be appellants. Although eliminated from FRAP 4(a)(5), the language of Rule 8002(c) still restricts the court's ability to extend the time to file an appeal. In order to lengthen the appeal time, a litigant must file the necessary motion within the extension period (20 days after the ten-day appeal period under Rule 8002(c)). A notice of appeal must also be filed within the same time frame, even if the motion is not ruled upon until after the running of the extension period. Thus, the time to file a notice of appeal can be increased, but the increase cannot be greater than 20 days from the running of the appeal period, or a total of 30 days. *Selph v. Council of Los Angeles*, 593 F.2d 881 (9th Cir. 1979) (interprets FRAP 4(a)(5) before amendment); *In re Mouradick*, 13 F.3d 326 (9th Cir.1994) (interprets Rule 8002(c)). This constitutes the second "trap for the unwary."

If we were to assume that the trial court had implicitly denied the appellant's objection as a tolling motion and she could show excusable neglect for her late filing, Ms. Rettig's appeal would be timely under FRAP 4. Appeals are deemed timely under FRAP 4 where they are filed within ten days after entry of an order granting a timely motion to extend the filing of an appeal. FRAP 4(a)(5). At present, modification of Rule 8002 is under consideration to reflect these provisions of FRAP 4.[11] If the amendment is approved,

**9.** The former FRAP 4(a)(4) provides, in part: "A notice of appeal filed before the disposition of [a tolling motion] shall have no effect. A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion."

The former Rule 8002(b) provides, in part: "A notice of appeal filed before the disposition of any of the above motions shall have no effect; a new notice of appeal must be filed."

**10.** FRAP 4(a)(4), as amended, provides in pertinent part: "A notice of appeal filed after announcement or entry of the judgment but before disposition of any of the above motions is ineffective to appeal from the judgment or order, or

part thereof, specified in the notice of appeal, until the date of the entry of the order disposing of the last such motion outstanding."

Rule 8002(b), as amended, provides in pertinent part: "A notice of appeal filed after announcement or entry of the judgment, order, or decree but before disposition of any of the above motions is ineffective to appeal from the judgment, order, or decree, or part thereof, specified in the notice of appeal, until the entry of the order disposing of the last such motion outstanding."

**11.** The relevant portion of the proposed amendment to Rule 8002(c), which corresponds to

appeals such as Ms. Rettig's will be timely and jurisdiction over them can be granted retroactively. *In re Arrowhead,* 42 F.3d at 1311.

When the Bankruptcy Appellate Panel decided *Arrowhead,* Rule 8002(b) had not yet been amended to conform to FRAP 4(a)(2). Nevertheless, the Ninth Circuit reversed the panel's decision. Thus, *Arrowhead* militates in favor of interpreting Rule 8002(c) to correspond to FRAP 4(a)(5) even before amendment. However, such an interpretation would require the panel to ignore the clear language of *In re Mouradick,* 13 F.3d 326 (9th Cir.1994). *Mouradick* provides that a notice of appeal, even where the time is extended, must still be filed within 30 days from entry of the order appealed from. Assuming, *arguendo,* that the judgment appealed from was entered on October 17, 1994, then the filing of the notice of appeal on December 13, 1994 was outside the time frame allowed in *Mouradick.* Because *Arrowhead* was decided more recently and suggests that Rule 8002(c) should be applied to correspond to FRAP 4(a)(5), Ms. Rettig asks the panel to disregard *Mouradick* and apply Rule 8002 in its probable future form, not as it currently reads.

The panel is reluctant to apply the rule in the manner appellant suggests. This case is distinguishable from *Arrowhead.* There, the Ninth Circuit dealt specifically with Rule 8002(b) after it had been amended. Here, subsection (c) of Rule 8002 is at issue and modification of the Rule has yet to be approved. Although the present case may ultimately mirror the circumstances of *Arrowhead*—this appeal will be timely by virtue of later amendment—we cannot base a decision on a future prospect which is so problematical. Until Rule 8002 is amended, *Mouradick* is controlling precedent binding on this panel. *Hostler v. Groves,* 912 F.2d 1158, 1161 (9th Cir.1990), *cert. denied,* 498 U.S. 1120,

111 S.Ct. 1074, 112 L.Ed.2d 1180 (1991) (citations omitted) ("[A] fundamental principle of our jurisprudence is that a court will apply the law as it exists when rendering its decision.").

### *Whether the appellant's objections to defendant's findings and statement of decision was a tolling motion*

Although we decline to read *Arrowhead* as directing us to exercise jurisdiction over this appeal under Rule 8002(c), an independent basis does exist for remanding this case. The appellant filed an objection to the appellee's findings and statement before they were reviewed by the court. The objection addressed specific findings proposed by the appellee. The transcript indicated that the appellant asked the court to replace the appellee's language providing: "Mr Peters ... handed the deed of trust to Ms. Rettig for her to record in the County Recorder's office ..." with the statement, "neither Ms. Rettig, nor Mr. Peters recorded the deed of trust, and as a result, Ms. Rettig's security interest was never perfected." In addition, the appellant objected to language in the statement that provided, "[the debtor] was not representing [Ms. Rettig] in any capacity as a real estate agent...." The appellant pointed out that the trial court did not hear evidence on this point and thus no finding was made regarding this issue.

As noted above, if brought within ten days of the entry of a judgment or order, a motion to amend or add to the findings tolls the running of the time to appeal under Rule 8002(b). In this case, the motion was brought prematurely. However, as indicated above, a premature motion is deemed timely in the Ninth Circuit and need not be refiled. Rule 8002(b); *Calculators Hawaii, Inc. v. Brandt, Inc.,* 724 F.2d 1332, 1335 (9th Cir. 1983). A party's objection can serve as a tolling motion as long as it requests relief

---

FRAP 4(a)(5) and which overrules *In re Mouradick,* 13 F.3d 326 (9th Cir.1994), provides:

> An extension of time for filing a notice of appeal may not exceed 20 days from the expiration of the time for filing a notice of appeal otherwise prescribed by this rule or 10 days from the date of entry of the order granting the motion, whichever is later.

The Committee on Rules of Practice and Procedure of the Judicial Conference of the United States circulated the amendment for comment in September 1995. The comment period ends on March 1, 1996.

specified under the rules. Nomenclature is not controlling. *Munden v. Ultra–Alaska Assoc., et al.,* 849 F.2d 383, 386 (9th Cir.1988) (holding the court "examine[s] the real nature of motions so as to sustain jurisdiction on appeal"), quoting *Bordallo v. Reyes,* 763 F.2d 1098, 1102 (9th Cir.1985). In order to qualify as a tolling motion, a pleading must seek "substantive, not merely ministerial or clerical, relief." *Munden,* 849 F.2d at 387.

Here, the appellant requested substantive changes to the findings; she objected to the debtor's statement that she was obligated to record the deed of trust. The representative capacity of the debtor and the allocation of the responsibility to record the deed of trust in this case are crucial to the determination of breach of duty and dischargeability. While appellant's proposed findings and statement provided that the debt was dischargeable and did not request modification of the judgment, had the court adopted the changes suggested by appellant, it arguably would have been required to rule in favor of appellant under the authority of cases such as *In re Woosley,* 117 B.R. 524 (9th Cir. BAP 1990). *In re Woosley* holds that "[t]he fiduciary obligations accompanying [real estate brokerage] activities are sufficient to establish a 'fiduciary capacity' within the meaning of § 523(a)(4)." *Id.* at 529; *see also In re Bugna,* 33 F.3d 1054 (9th Cir.1994); *In re Evans,* 161 B.R. 474 (9th Cir. BAP 1993).

As the *Woosley* panel explained, a real estate broker takes advantage of a creditor by giving it a deed of trust without recording it. Because a real estate agent is a fiduciary, the agent must, at a minimum, disclose that it is not recording the deed of trust, and that if it is not recorded immediately the creditor risks losing its security interest in the prop-

erty. If a real estate agent fails to make such a disclosure, any claim arising therefrom may be declared nondischargeable in a subsequent bankruptcy. *In re Woosley,* 117 B.R. at 530.

We therefore conclude that the appellant's objections constituted a timely motion to amend the findings under 8002(b), and, until disposed of, a motion that tolled the running of the time to file a notice of appeal.[12]

The record indicates that the trial court did not rule on the appellant's objections although they were properly filed pursuant to the local rules. It entered the findings proposed by the appellee without discussion of, or reference to, those of the appellant. The court's action might be interpreted as an implicit denial of the appellant's motion. However, Rule 8002(b) itself makes a distinction between announcement of a decision and the formal entry of that order. We are unwilling to infer from the court's silence that it considered and denied the appellant's objections; the court was required to enter a written order so providing.

Given the substantive nature of the appellant's objections and the trial court's failure to explicitly address them, we cannot proceed with this appeal. Rule 8002(b); *Munden v. Ultra–Alaska Assoc., et al.,* 849 F.2d at 386 (interpreting comparable provision of FRAP 4(a)(4)).[13] A notice of appeal filed before the tolling motion is disposed of is ineffective to confer jurisdiction on the panel:

> The language of the rule clearly requires a notice of appeal to be filed within the 10 days after the entry of the order [disposing of the tolling motion]. Notice filed before entry ... is ineffective.... [T]he entry of the judgment [or order disposing of the

---

**12.** If any party makes a timely [tolling] motion ..., the time for appeal for all parties runs from the entry of the order disposing of the last such motion outstanding.... A notice of appeal filed after ... entry of the judgment ... but before disposition of any ... [tolling] motion[], is ineffective to appeal from the judgment ... the until entry of the order disposing of the last such motion outstanding. Rule 8002(b).

**13.** "[Rule 8002(b)] as amended provides that a notice of appeal filed before the disposition of a

specified postjudgment motion will become effective upon disposition of the motion. A notice filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the district court or bankruptcy appellate panel." Fed.R.Bankr.P. 8002 advisory committee's note (1994).

# 420

tolling motion is] the operative event under Rule 4(a)(4)....

*In re Sweet Transfer & Storage, Inc.*, 896 F.2d 1189, 1192 (9th Cir.1990) (explains and adopts the Supreme Court's ruling interpreting Rule 4(a)(4) in *Acosta v. Louisiana Dept. of H & H Res.*, 478 U.S. 251, 254, 106 S.Ct. 2876, 2877–78, 92 L.Ed.2d 192 (1986) to Rule 8002(b)).[14] Therefore, the case must be remanded to the trial court for an explicit disposition of the appellant's objections. After the required order is entered, jurisdiction over this appeal will automatically arise pursuant to the appellant's prior notice of appeal. Rule 8002(b); see *In re Arrowhead Estates Development Co.*, 42 F.3d 1306 (9th Cir.1994)

In light of our resolution of the jurisdictional issue, we need not consider whether the appellant's motion to extend the time for filing her notice of appeal should be construed as a tolling motion, or whether the appellant's neglect to file a timely notice of appeal was excusable under Rule 8002(c).

## *Conclusion*

We remand this appeal to the trial court for a period of 45 days for the purpose of entry of an order disposing of the appellant's objections. The appellant is required, within fifteen days of entry of such order, to file a status report informing the panel of the bankruptcy court's decision and whether the appeal should stand submitted based on the record and briefs already on file. After the response is filed, the panel will determine whether submission on the merits is appropriate.

REMANDED.

---

14. Rule 8002(b) is applied in the same manner as FRAP 4(a)(4). *In re Sweet Transfer & Storage,* 896 F.2d at 1192; *In re Crystal Sands Properties,* 84 B.R. 665, 667 (9th Cir. BAP 1988).