NOT FOR PUBLICATION

UNITED STATES BANKRUPTCY APPELLATE PANEL

OF THE NINTH CIRCUIT

In re: ) BAP No. NC-13-1181-JuKiD
)
JOHN ANTHONY SALOMON, ) Bk. No. 10-59862-CDN
)
            Debtor. ) Adv. No. 10-05416
_____ )
)
MATTHEW TYE, )
)
            Appellant, )
)
v. ) M E M O R A N D U M*
)
JOHN ANTHONY SALOMON, )
)
            Appellee. )
_____ )

Submitted Without Oral Argument
on February 20, 2014

Filed - March 7, 2014

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Charles D. Novack, Bankruptcy Judge, Presiding
_____

Appearances:    Appellant Matthew Tye, pro se, on brief; Fred W. Schwinn and Raeon R. Roulston of Consumer Law Center, Inc., on brief for appellee John Anthony Salomon.
_____

Before:  JURY, KIRSCHER, and DUNN, Bankruptcy Judges.

_____

     * This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

Appellant Matthew Tye appeals from the bankruptcy court's order denying his motion to extend the time to appeal under Rule[1] 8002(c)(2). In deciding the motion, the bankruptcy court correctly applied the legal standards for excusable neglect articulated in <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380 (1993), to the facts. Therefore, we find no abuse of discretion and we AFFIRM.

## I.  FACTS

Debtor John Anthony Salomon filed for chapter 7 relief on September 22, 2010.[2] Tye filed an adversary proceeding to determine dischargeability of a debt on December 27, 2010. After a trial on November 20, 2012, the bankruptcy court issued a memorandum decision in favor of Salomon on January 29, 2013, and entered judgment on February 8, 2013.

On February 26, 2013, four days after the expiration of the period to appeal under Rule 8002(a), Tye filed an untimely notice of appeal and, concurrently, a motion for extension of time to appeal (Motion). Tye argued that his failure to file the Motion within the requisite time period resulted from the lack of notice by mail of the entry of both the memorandum

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure and "FRAP" references are to the Federal Rules of Appellate Procedure.

[2] We exercise our discretion to take judicial notice of documents electronically filed in the underlying bankruptcy case and adversary proceeding. <u>See</u> <u>O'Rourke v. Seaboard Sur. Co. (In re E.R. Fegert, Inc.)</u>, 887 F.2d 955, 957-58 (9th Cir. 1989); <u>Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)</u>, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

-2-

decision and the judgment. Tye listed the address of his former residence, 49 Lehigh Aisle, as his mailing address with the bankruptcy court, relying on the United States Postal Service (Postal Service) to forward any mail addressed to 49 Lehigh Aisle to a post office box.

At the March 27, 2013 hearing on the matter, Tye indicated that he had not resided at 49 Lehigh Aisle for approximately a year. He believed problems with his mail had arisen "recently," at which time Tye attempted to extend the "forwarding service."

However, the record shows that difficulties with receiving court documents had been brought to the attention of the bankruptcy court much earlier at a case management conference on May 5, 2012, during which Tye complained that he had not received Salomon's initial disclosures. The bankruptcy court verified Tye's mailing address of record as 49 Lehigh Aisle and Salomon's counsel informed the bankruptcy court that the initial disclosures mailed to 49 Lehigh Aisle were returned as undeliverable. Tye acknowledged that the Postal Service irregularly forwarded his mail from the 49 Lehigh Aisle address and reassured the bankruptcy court that the matter had been resolved.

On November 5, 2012, Tye again complained of not receiving discovery responses and the issue was addressed in open court. Tye admitted to his continued reliance on the Postal Service's "forwarding service" and his failure to file a change of address.

Throughout this time Tye did not file a change of address with the bankruptcy court. Yet, at the hearing on the Motion,

Tye alleged once again that he did not receive notice of the entry of judgment and stated that if he had received notice by mail during the appeal period he would have been able to file a timely notice of appeal. He further maintained that he only became aware of the entry of judgment after checking the docket on February 26, 2013, at which time he immediately filed a notice of appeal and the Motion. To explain why he did not check the docket during the two week appeal period, Tye stated that he was preoccupied caring for a loved one, who was recovering from surgery, and, subsequently, fell ill himself.

The bankruptcy court found Tye's reliance on the Postal Service to forward his professional correspondence from a former residence to his current post office box for over a year was inexcusable. Given that Tye was already made aware of two instances in which he had difficulties with his mail, resulting in his not receiving court documents, the bankruptcy court found that Tye's reason for delay implicated bad faith. The bankruptcy court denied Tye's Motion by order entered April 9, 2013. Tye timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether the bankruptcy court abused its discretion in denying Tye's motion to extend the time to appeal under Rule 8002(c)(2).

-4-

## IV. STANDARD OF REVIEW

The bankruptcy court's denial of a motion to extend the time to file a notice of appeal is reviewed for abuse of discretion. Pincay v. Andrews, 389 F.3d 853, 858-59 (9th Cir. 2004) (en banc). The bankruptcy court abuses its discretion when it applied the incorrect legal rule or when its application of the law to the facts was: (1) illogical; (2) implausible; or (3) without support in inferences that may be drawn from the facts in the record. United States v. Hinkson, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

## V. DISCUSSION

Upon entry of a judgment, order, or decree by a bankruptcy court, a party has fourteen days to file a notice of appeal. Rule 8002(a). If unable to meet that deadline, a party may move for an extension of time to file the notice of appeal. Rule 8002(c). While the deadline for filing a request to extend the appeal time is also fourteen days from the entry of the order to be appealed, the Rules contain a limited, twenty-one day window during which the bankruptcy court may grant a late-filed motion to extend time, provided the moving party demonstrates that its neglect in not filing a timely motion was "excusable." Rule 8002(c)(2). Tye, as the party requesting an extension of time, bears the burden of proving the existence of excusable neglect. Key Bar Invs., Inc. v. Cahn (In re Cahn), 188 B.R. 627, 631 (9th Cir. BAP 1995).

**A. The Excusable Neglect Standard Under Rule 8002(c)**

The Supreme Court articulated a four-factor balancing test as the standard for excusable neglect in the context of

-5-

Rule 9006(b)(1) in Pioneer. Subsequently, the Ninth Circuit held that the Pioneer analysis applies to FRAP 4(a)(4). Arrowhead Estates Dev. Co. v. U.S. Tr. (In re Arrowhead Estates Dev. Co.), 42 F.3d 1306 (9th Cir. 1994). Because amendments to Rule 8002 track any modifications to FRAP 4(a), the Ninth Circuit interprets the two rules consistently. Id. at 1311 (applying the same standards to Rule 8002(b) as FRAP 4(a)(4) upon acknowledging that the amendment made to Rule 8002(b) adopted FRAP 4(a)(4)). Since the amendment to Rule 8002(c) corresponds with FRAP 4(a)(5) and the Ninth Circuit has applied the Pioneer analysis to FRAP 4(a)(5) in Pincay, the reasoning in Arrowhead indicates the proper legal standard for construing "excusable neglect" under Rule 8002(c) is the Pioneer analysis. Warrick v. Birdsell (In re Warrick), 278 B.R. 182, 185–86 (9th Cir. BAP 2002) (citing In re Cahn, 188 B.R. at 631–32; see also Rettig v. Peters (In re Peters), 191 B.R. 411, 418 (9th Cir. BAP 1996)("Arrowhead militates in favor of interpreting Rule 8002(c) to correspond to FRAP 4(a)(5) even before amendment.").

Under Pioneer, in considering whether the moving party has shown excusable neglect, the court considers: (1) the danger of prejudice to the other party; (2) the length of the delay caused by the neglect, and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the movant's reasonable control; and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co., 507 U.S. at 395. At the same time, courts are to "equitably consider all relevant circumstances surrounding a party's (or its lawyer's), errors or omissions." Pincay, 389 F.3d at 856, 860.

-6-

In an en banc hearing, the Ninth Circuit in Pincay provided clarity to the Pioneer analysis by holding that per se rules are never permissible under the Pioneer analysis. Id. In Pincay, the district court applied the Pioneer analysis and granted defendant's motion for an extension of time to file the notice of appeal under FRAP 4(a)(5). On appeal, a majority of a three-judge panel held that the reason for delay, the attorney's reliance on a paralegal, was inexcusable as a matter of law, and the panel thereby created a per se rule in the context of excusable neglect under Pioneer. Pincay, 351 F.3d 947 (9th Cir. 2003), on reh'g en banc, 389 F.3d 853 (9th Cir. 2004). After hearing en banc, the Ninth Circuit upheld the district court's discretion in granting the motion to extend time, despite recognizing that attorney's reason for delay was "one of the least compelling excuses." Pincay, 389 F.3d at 859. In doing so, the Ninth Circuit reinforced the principle behind Pioneer: that excusable neglect is to be determined within the context of the particular facts of a case by the district court, which is in a better position to evaluate the factors. Id.

This is not to say that a trial court's decision is paramount and free from review. A trial court abuses its discretion in the context of excusable neglect when it fails to articulate and apply all four factors of the Pioneer analysis. Laurino v. Syringa Gen. Hosp., 279 F.3d 750, 753-54 (9th Cir. 2002) (finding abuse of discretion when district court did not address the good faith factor under Pioneer); Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1224 (9th Cir. 2000) (district court abused its discretion where it considered only one of the

-7-

Pioneer factors).

**B.   Analysis**

Here, the bankruptcy court aptly applied the four factors of the Pioneer analysis. Because Tye's notice of appeal was untimely by four days the bankruptcy court recognized that the delay was minimal and Salomon suffered little to no prejudice. The bankruptcy court therefore found that the first two factors did not justify denial of the motion. Rather, the bankruptcy court's decision to deny turned upon finding that the reason for delay was caused by Tye and insinuated bad faith.

Tye's primary reason stated for his untimeliness was that he never received notice by mail of both the entry of judgment and the memorandum of decision. Tye, who is a practicing attorney, relied on the Postal Service to forward his professional correspondence from his former residence to his current post office box for more than a year. In addition, the bankruptcy court noted that Tye had been forewarned in May and November 2012 that his system of receiving mail prevented receipt of important court pleadings. Even after assurances that the issues with his mail had been resolved and subsequent notification that mail sent to his former address was not being delivered, Tye never filed a change of address with the bankruptcy court. Because Tye's failure to receive notice was the result of a process that Tye himself had engineered, the bankruptcy court addressed the third prong of the Pioneer analysis by finding Tye's reason for the delay to be disingenuous. Moreover, Tye's knowledge of the insufficiency of his mail service, his reliance on the Postal Service to forward

his professional correspondence for over a year, and his refusal to properly notify the bankruptcy court and Salomon of the change of address adequately support the bankruptcy court's finding that Tye acted in bad faith by perpetuating his reason for delay in filing the Motion.

With respect to Tye's representation that he was taking care of a loved one and, subsequently, fell ill during the fourteen-day appeal period, the bankruptcy court was within its discretion to disregard these reasons in its analysis. Under inquiry from the bankruptcy court at the hearing, Tye admitted he would have filed a notice of appeal regardless of his health concerns had he received notice of the judgment's entry. Accordingly, based on his admitted statements, Tye's preoccupation with his illness or the recovery of a loved one was irrelevant to the untimely Motion.

In the end, on this record we are unable to find that the bankruptcy court's application of the Pioneer analysis to the facts was an abuse of discretion. Considerable deference is given to the trial court's discretion: determination of whether or not a particular action constitutes excusable neglect is an analysis nuanced by the trial court's ability to judge credibility and character. Pincay, 389 F.3d at 859-60 (leaving the weighing of Pioneer's equitable factors to the discretion of the district court in every case). The bankruptcy court experienced, first hand, the timing and form of Tye's multiple complaints about court documents which were not received. Thus, the court was in the best position to determine whether Tye was genuinely concerned by his mail issues, or was cavalierly

-9-

nonchalant.  Its finding of the latter, that Tye's reason for delay implicated bad faith, deserves our deference.

## VI.  CONCLUSION

As Tye did not meet his burden of proving excusable neglect, the bankruptcy court properly denied his motion to extend the time for filing an appeal.  Accordingly, we AFFIRM.