NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 6 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: SHMUEL ERDE,<br><br>　　　　　Debtor,<br>――――――――――――――――<br><br>SHMUEL ERDE,<br><br>　　　　　Appellant,<br><br>　v.<br><br>JOHN H. BRINK; et al.,<br><br>　　　　　Appellees. | No. 16-55374<br><br>D.C. No. 2:15-cv-05806-DOC<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted September 26, 2017**

Before:　　SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

　　　Shmuel Erde appeals pro se from the district court's order affirming the

――――――――――――――――

　　　*　　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　　**　　The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).  Erde's request for oral argument, set forth in the opening brief, is denied.

bankruptcy court's order denying Erde's motion to reopen his Chapter 7 bankruptcy proceedings. To the extent Erde's notice of appeal is timely, we have jurisdiction under 28 U.S.C. § 158(d). We affirm.

We lack jurisdiction to consider Erde's challenges to the bankruptcy court's order denying Erde's motion to reopen because Erde's notice of appeal was timely only as to the bankruptcy court's order denying Erde's motion for findings of fact and conclusions of law. *See* Fed. R. Bankr. P. 8002; *Swimmer v. IRS*, 811 F.2d 1343, 1344-45 (9th Cir. 1987) (under Fed. R. App. P. 4(a)(4), a second post-judgment motion does not toll time to appeal underlying judgment unless it was filed timely as to the underlying judgment); *see also Arrowhead Estates Dev. Co. v. U.S. Trustee (In re Arrowhead Estates Dev. Co.)*, 42 F.3d 1306, 1310-11 (9th Cir. 1994) (stating that Fed. R. Bankr. P. 8002 should be interpreted consistently with Fed. R. App. P. 4(a)).

The notice of appeal was timely as to the bankruptcy court's order denying Erde's request for findings of fact and conclusions of law under Federal Rule of Bankruptcy Procedure 7052, but Erde does not address that order in his opening brief. As a result, he has waived any challenge to the order. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) ("[O]n appeal, arguments not raised by a party in its opening brief are deemed waived."); *Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We review only issues which are argued specifically and

16-55374

distinctly in a party's opening brief.").

Erde's motions for leave to file supplemental briefing (Docket Entry Nos. 67 and 71) and request for ruling (Docket Entry No. 74) are denied.

Appellees' request for judicial notice (Docket Entry No. 69) is denied as unnecessary.

**AFFIRMED.**