UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONSTANCE GEORGE, | No. 18-35551 |
| Plaintiff-Appellant, | D.C. No. 3:15-cv-01277-SB District of Oregon, Portland |
| v. | |
| PATRICIA BARCROFT; et al., | ORDER |
| Defendants-Appellees. | |

Before: GRABER and CHRISTEN, Circuit Judges, and R. COLLINS,* District Judge.

The memorandum disposition filed on November 18, 2021 is amended, and the amended memorandum disposition is filed concurrently with this order. The panel has unanimously voted to deny the petition for panel rehearing. The petition for panel rehearing (Dkt. 94) is DENIED. No future petitions for rehearing or rehearing en banc will be entertained.

---

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.


**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CONSTANCE GEORGE,

          Plaintiff-Appellant,

v.

PATRICIA BARCROFT; et al.,

          Defendants-Appellees.

No.   18-35551

D.C. No. 3:15-cv-01277-SB

AMENDED MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Stacie F. Beckerman, Magistrate Judge, Presiding

Argued and Submitted November 9, 2021[**]
Portland, Oregon

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel heard oral argument on Plaintiff-Appellant's claims against Patricia Barcroft and House of Hope Recovery. But the panel unanimously concluded that, as to Plaintiff-Appellant's claims against Bridges to Change, Inc. and Washington County Department of Housing Services, the case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: GRABER and CHRISTEN, Circuit Judges, and R. COLLINS,[***] District Judge.

Constance George appeals the district court's judgment in favor of Patricia Barcroft, House of Hope Recovery, Bridges to Change, Inc., and Washington County Department of Housing Services (Washington County). George alleges defendants discriminated against her on the basis of her race and religion. We lack jurisdiction to review George's appeal from the dismissal of her claims against Bridges to Change and Washington County. We affirm the district court's judgment as to George's claims against Barcroft and House of Hope.

We review de novo the timeliness of a notice of appeal, *United States v. Withers*, 638 F.3d 1055, 1061 (9th Cir. 2011), and a district court's order granting summary judgment, *Pac. Shores Props., LLC v. City of Newport Beach*, 730 F.3d 1142, 1156 (9th Cir. 2013). We may consider jurisdictional questions at any time. *See Rowe v. United States*, 633 F.2d 799, 800 (9th Cir. 1980).

1. We have jurisdiction over George's claims on appeal if: (1) she appealed a "final decision[]," 28 U.S.C. § 1291; (2) her appeal was timely, *see Portland Fed. Emps. Credit Union v. Cumis Ins. Soc'y, Inc.*, 894 F.2d 1101, 1103

---

[***] The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

(9th Cir. 1990); and (3) she complied with "the notice required by Rule 3," *Smith v. Barry*, 502 U.S. 244, 248–49 (1992).

George indicated her intent to appeal the district court's April 20, 2018 judgment by filing a motion for pro bono counsel in the district court on May 21, 2018. The April 20, 2018 judgment was final because the district court had fully adjudicated George's claims and the judgment indicated finality as to all claims and parties. *See Casey v. Albertson's Inc.*, 362 F.3d 1254, 1258 (9th Cir. 2004); *see also Hall v. City of Los Angeles*, 697 F.3d 1059, 1070 (9th Cir. 2012) ("Once a district court enters final judgment and a party appeals, . . . earlier, non-final orders become reviewable."). George's notice of appeal was timely because she filed her motion for pro bono counsel with the district court within 30 days after entry of the judgment. *See* Fed. R. App. P. 4(a)(1)(A). And because George's motion gave notice of her intent to appeal the court's final judgment, we construe her motion to be the "functional equivalent" of a formal notice of appeal. *Smith*, 502 U.S. at 248.

However, George did not provide adequate notice of an appeal from a judgment against Bridges to Change and Washington County. Therefore, she did not comply with the requirements of Federal Rule of Appellate Procedure 3 as to those two defendants. The purpose of a notice of appeal "is to ensure that the filing *provides sufficient notice* to other parties and the courts." *Id.* (emphasis

added); *see also In re Sweet Transfer & Storage, Inc.*, 896 F.2d 1189, 1193 (9th Cir. 1990) ("In prior cases, we have required the document in question to have been *served* upon the other parties."), *superseded in part by rule as stated in In re Arrowhead Ests. Dev. Co.*, 42 F.3d 1306 (9th Cir. 1994). Accordingly, we conclude that we lack jurisdiction over George's appeal of her claims against Bridges to Change and Washington County. We consider the merits of the appeal as to Barcroft and House of Hope.

2. George alleges the district court erred in granting summary judgment on her religious discrimination claims against House of Hope and Barcroft. We analyze Fair Housing Act "disparate treatment claims under Title VII's three-stage *McDonnell Douglas*/*Burdine* test." *Gamble v. City of Escondido*, 104 F.3d 300, 305 (9th Cir. 1997). To establish a disparate treatment claim, "the plaintiff must first establish a prima facie case." *Id.* The district court concluded George failed to establish a prima facie case because it found "no evidence in the record that Barcroft did not terminate a non-Jehovah's Witness resident under similar circumstances." Although the prima facie stage of the *McDonnell-Douglas* framework is "not onerous," George bore the burden to produce *some* evidence of the defendants' treatment of a similarly situated individual. *See Lyons v. England*, 307 F.3d 1092, 1112 (9th Cir. 2002).

4

On appeal, George offers a new theory of "reasonable inferences," but her theory is based on evidence that was not presented to the district court.[1] We affirm the district court's order granting summary judgment in favor of House of Hope and Barcroft because George failed to present "any legitimate 'comparator' evidence on her religious discrimination claim," *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 744 (9th Cir. 2004), and because her "reasonable inferences" theory relies on evidence she did not present to the district court.

3. George urges us to remand her discrimination claims to the district court. First, she contends the district court should consider whether the Fair Housing Act's religious exception, 42 U.S.C. § 3607(a), applies to Barcroft and House of Hope. Because we affirm the district court's decision that George did "not present[] any evidence of disparate treatment on the basis of religion," we decline to remand for the district court to consider this exception. George also requests remand for the district court to consider whether a new trial is warranted on her racial discrimination claim, but she fails to assert any colorable argument as

---

[1] George contends she had "no occasion" to present her "reasonable inferences" theory to the district court because the district court *sua sponte* addressed her failure to make a prima facie showing. However, George expressly argued in her opposition to Barcroft and House of Hope's motion for summary judgment that she had established a prima facie case pursuant to the Fair Housing Act, and she did not ask the district court for an opportunity to present more evidence.

to why remand of that claim is warranted.  Accordingly, we decline to grant

George's request for remand.

**AFFIRMED IN PART and DISMISSED IN PART.**